(No. 20482.—

THE PEOPLE *ex rel.* Grant Graff, County Collector, Appellee, *vs.* THE PASSAVANT MEMORIAL HOSPITAL *et al.* Appellants.

*Opinion filed December 18, 1930.*

JOHN J. REEVE, and CHARLES RAY GRUNY, for appellants.

194

HUGH GREEN, State's Attorney, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Morgan county ordering the sale for delinquent taxes of property of the Passavant Memorial Hospital and property held by the Farmers State Bank and Trust Company, as trustee, for the Tissington estate for the use and benefit of Passavant Memorial Hospital.

It is claimed by appellants, the Passavant Memorial Hospital and the Farmers State Bank and Trust Company, trustee, that the primary purpose and use of the property upon which the tax was levied was the maintenance of the Passavant Memorial Hospital, and that the whole net income being devoted to that use, appellants' property comes within the statutory definition of property actually and exclusively used for charitable and beneficent purposes.

There is no conflict in the evidence in this case. The Passavant Memorial Hospital is clearly an institution of public charity as that term is used in clause 7 of section 2 of the Revenue act, which provides that all property of institutions of public charity and all property of beneficent and charitable organizations, whether incorporated in this or any other State of the United States, when such property is actually and exclusively used for such charitable or beneficent purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation.

Charles A. Rowe in his lifetime, being interested in the hospital, made his last will and testament, whereby he devised the residuum of his estate to it, "to be used for the general purposes of such hospital as its trustees deem best, and I hereby designate said hospital as my residuary legatee, to have all my estate, of every kind, not in this will specifically bequeathed to others." Thomas Tissington by his last will and testament left to the Farmers State Bank

and Trust Company, as trustee, the residuum of his estate, the income thereof to be paid to the Passavant. Memorial Hospital, "and to be known as the "Thomas and Margaretta P. Tissington Fund,' and the same shall be used to provide hospital care for deserving and worthy poor people of Morgan county, regardless of age, sex or nationality." The will of Tissington provides that the trustee shall sell the land within five years and hold the *corpus* of the fund and pay the income annually to the hospital for the purposes mentioned in the will. The will of Rowe provided that the executor should sell all of his real estate and pay the money to the hospital. However, on account of the depressed price conditions of real estate, upon the settlement of the Rowe estate the real estate was conveyed to the Passavant Memorial Hospital, awaiting the time when the price of real estate should be more favorable for the disposal of the same. The 160-acre farm upon which the tax was levied is located about nine miles east of Jacksonville. It is rented, the hospital receiving one-half of the crop, together with a small amount of cash rent. The taxes assessed against this property amount to $260.98. Another farm of 129 acres is located immediately adjoining the city limits of the city of Jacksonville and approximately two miles from the hospital. Included in the tax charged against this property is the personal property tax of $742.85. This personal property consisted of about $150,000 of bonds in the hands of the trustees of the hospital from the Rowe estate, the income therefrom going into the treasury of the Passavant Hospital for the conduct of its work. It was left to the hospital to use as the trustees might think best. The 129-acre farm was operated by the Passavant Memorial Hospital by its employees, who were paid by the month for its operation, and all of the proceeds went directly into the treasury of Passavant Memorial Hospital. The Tissington property, comprising 400 acres of land, is situated about ten miles south of Jacksonville. This real estate is rented on a crop rental,

and the trustee, the Farmers State Bank and Trust Company, paid from year to year the net rentals to the Passavant Memorial Hospital. In the Tissington estate held by the trustee was personal property, upon which were $526.61 taxes which were charged against the real estate.

If property is devoted primarily to charitable purposes it is exempt notwithstanding there is an incidental use for another purpose, but an incidental use for charitable purposes while the primary use is for another purpose will not warrant exemption. To be exempt from taxation on the ground that it is devoted to charitable purposes property must be in actual use by an institution of public charity in carrying out directly its charitable purposes. Property of an institution of public charity is not exempt from taxation where it is not in actual use directly for such purposes but is leased or otherwise used with a view to profit or income from the property even though such income or profit is applied exclusively to maintain such charitable institution, as the primary use in such case is for profit and the application of the income is secondary. (*People* v. *City of Chicago,* 323 Ill. 68; *People* v. *Withers Home,* 312 id. 136.) The evidence here shows that all the property upon which the taxes in question were levied was either leased or otherwise used with a view to profit. It must therefore be held, in accordance with the provision of the Revenue act above mentioned and its interpretation by this court, that the property here in question was not exempt property and the taxes thereon were properly levied.

The judgment of the county court of Morgan county is therefore affirmed.

*Judgment affirmed.*