(No. 22521.—

THE GLEN OAK CEMETERY COMPANY *vs.* THE BOARD OF APPEALS OF COOK COUNTY.

*Opinion filed October 24, 1934.*

OTTO KERNER, Attorney General, (WILLIAM G. WOR-
THEY, of counsel,) for the State Tax Commission.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The board of tax appeals of Cook county entered an order declaring the southeast quarter of the northeast quarter of section 20, in township 39 north, range 12 east of the third principal meridian, exempt from taxation for the tax assessable for the year 1931, the State Tax Commission has certified the cause to this court pursuant to the statute. Cahill's Stat. 1933, chap. 120, par. 346, sec. 35e, p. 2368; Smith's Stat. 1933, chap. 120, par. 314e, sec. 35e, p. 2422.

The Glen Oak Cemetery Company (hereinafter called the company) on November 9, 1915, was organized as a corporation for profit under the general Corporation act of this State, with a capital stock of $50,000, divided into 5000 shares of the par value of $10 each. The stock is closely owned, the president owning fifty-one per cent thereof, the remaining forty-nine per cent being owned by the secretary and two other persons. About the time of its organization the company acquired the title to the east half of the northeast quarter of section 20, lying at the

southwest corner of Mannheim road and Roosevelt road. A plat of the 80-acre tract duly approved, as required by the statute, was filed for record in the recorder's office on April 6, 1916. The entire 80-acre tract is enclosed by a fence. Soon after the filing of the plat the north 40 acres was laid out in sections, lots and single graves, with driveways, walks and lawns. Trees and shrubbery were also planted. An underground drainage system, a water system and other improvements were installed. A mausoleum was built on the north 40 acres and was in use prior to 1931. This portion of the property contains 6244 cemetery lots. Approximately 2000 interments have been made, and there is yet a considerable area available for burial purposes. Some trees have been planted on the south 40 acres, an outlet drainage system constructed therein, and a nursery located on the last mentioned tract. No other development of that property has been made. No bodies have been interred therein and no burial lots have been sold therein. The president of the company testified that the last named 40-acre tract was not prepared for cemetery use; that the property would be sold for burial purposes as soon as there was any demand for the property, but that he had no definite idea when the company would be able to sell the property. The company has paid no dividends. What salaries are paid is not disclosed by the evidence, but the company's financial statement of March 31, 1931, shows a surplus of $83,308.41.

Section 3 of article 9 of our constitution, so far as here applicable, provides that such property as may be used exclusively for cemetery purposes may be exempted from taxation, but such exemptions shall be only by general law. This provision of the constitution does not of itself exempt such property but confers upon the legislature the power, acting within the provisions of the constitution, to provide by appropriate legislation for the exemption of such property. (*People* v. *University of Illinois*, 328 Ill. 377.) In

pursuance of such constitutional provision, the legislature, by subdivision 3 of section 2 of the Revenue act (Cahill's Stat. 1933, chap. 120, p. 2303; Smith's Stat. 1933, p. 2353;) has provided that "all lands used exclusively as graveyards or grounds for burying the dead" shall be exempt from taxation. Laws exempting property from taxation are strictly construed against the property owner. (*People* v. *University of Illinois,* 357 Ill. 369; *St. John Evangelical Lutheran Congregation* v. *Board of Appeals,* 357 id. 69; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *People* v. *City of Chicago,* 124 id. 636; *Rosehill Cemetery Co.* v. *Kern,* 147 id. 483; *Montgomery* v. *Wyman,* 130 id. 17; *In the Matter of Swigert,* 119 id. 83.) The burden is upon the property owner to clearly establish that his property falls within the exempted class. *Oak Ridge Cemetery Corp.* v. *Tax Com.* 299 Ill. 430.

The platting of a large body of land as a cemetery and then devoting only a small portion thereof for actual burial purposes brings only such part of the property as is in fact used for burial purposes within the exemption and the remainder of the premises is subject to taxation. (*Rosehill Cemetery Co.* v. *Kern, supra.*) Courts should act with great caution in declaring property exempt from taxation, and only such property as manifestly falls within the constitutional provision should escape the payment of taxes. All property exempted from taxation places an additional burden on the tax-payer. He must carry not only his own portion necessary to meet the expense of government, but must also bear the increased share imposed upon him by reason of the non-payment of taxes by tax exempt property. No issue is made that the constitutional exemption does not apply to a corporation organized for profit. While the business of the company here is in a sense of a public nature, yet it is organized for profit, and on its own showing has made a large profit over a period of years. The exemption of its property from taxation is not a benefit

received by the public generally but is a financial gain to the stockholders of the company.

It is clearly apparent that the south 40 acres of the company's real estate is not used exclusively for burial purposes, as contemplated by the constitution. That portion of the company's property is subject to taxation, and the board of appeals was in error in holding that tract exempt from taxation.

The order of the board of appeals of Cook county is vacated. The clerk of this court is directed to file the mandate of this court with that board. *Order vacated.*