(No. 33731.—

INTERNATIONAL COLLEGE OF SURGEONS, Appellee, *vs.* JOHN B. BRENZA, County Collector, *et al.*, Appellants.

*Opinion filed March 22, 1956.*

142

John Gutknecht, State's Attorney, of Chicago, (Gordon B. Nash, Charles D. Snewind, Roman R. Stachnik, William S. White, and Francis X. Riley, of counsel,) for appellants.

Julia M. Hagerty, of Chicago, (Lynch & Schaller, of Chicago, of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

The International College of Surgeons, a not-for-profit corporation, claiming to be a charitable or philosophical organization, brought suit in the circuit court of Cook County to enjoin the county treasurer and other officials from collecting taxes on its property for the years 1951

to 1954. After hearing evidence the court entered a decree granting the relief prayed. Defendants' appeal comes directly to this court, the revenue being involved.

The property in question is a stone front four-story building in Chicago. It was purchased in 1950 for use as a museum and surgeons' "hall of fame," to contain statuary, murals, manuscripts and a library. Following its acquisition, plans were made for improvements to adapt it to such use, including provision for an auditorium and lecture hall. During the period in question it was used for periodical meetings and for the free distribution of literature on surgical techniques and advances, with a portion of one floor being occupied temporarily by the seller pursuant to an agreement at the time of purchase. No rental income was derived from the premises.

The plaintiff's charter states that its purposes are to aid in creating higher standards of surgery through association of leading surgeons, to promote educational improvement of its members, to combat unethical and illegal practices, and to inspire younger members to become more skilled in the art of surgery. Acts of charity performed by plaintiff include a donation to the Royal College of Surgeons after it had incurred bomb damage in the war, monetary relief of the Netherlands flood victims, "Care" packages to England during World War II, and the like.

To sustain its claim of exemption plaintiff points to the following classes of property which the statute declares exempt from taxation: "All property of institutions of public charity, all property of beneficent and charitable organizations, * * * when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit; and all free public libraries. * * * All property which may be used exclusively by societies for * * * philosophical purposes, and not for pecuniary profit." (Ill. Rev. Stat. 1953, chap. 120, par. 500, subpars. (7) and

(10).) The mere fact that property is held by an institution of public charity, it is seen, is not sufficient to exempt it from taxation. The property itself must be devoted to charitable purposes, and it must be in actual use by the institution in carrying out directly its charitable purposes. (*People ex rel. Graff* v. *Passavant Memorial Hospital,* 342 Ill. 193.) In determining what is meant by charitable purposes in the statutory sense the fact that the activities of the organization are not conducted for profit is not of controlling importance. (*Oak Park Club* v. *Lindheimer,* 369 Ill. 462; *Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135.) To be devoted to charitable purposes the property must be applied for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government. (See *People ex rel. Cannon* v. *Southern Illinois Hospital Corp.* 404 Ill. 66, 69; *Crerar* v. *Williams,* 145 Ill. 625, 643.) It is evident that use of the present property for meetings and distribution of literature does not constitute a dedication to charitable purposes. Nor does the mere intention of developing it for the uses designated result in exemption. To justify such benefit it must be in actual use for carrying out the charitable purpose. Property of charitable organizations is not exempt on the present ground where it is not in actual use directly for such purposes. *People ex rel. Baldwin* v. *Withers Home,* 312 Ill. 136.

Moreover, plaintiff cannot be classified as an institution of public charity. Its funds are derived from membership dues, not from public or private charity. It holds them primarily for the benefit of the members, and for the advancement of the art of surgery by developing their skills. The incidental benefit accruing to the public is no

different from that associated with almost any lawful endeavor, and most certainly cannot afford basis for tax exemptions. (See *American Medical Ass'n* v. *Board of Review,* 392 Ill. 614, 622-623.) Under the constitution all property in this State is subject to taxation unless relieved by legislation passed in accordance with the constitutional provision. (*People ex rel. Baldwin* v. *Withers Home,* 312 Ill. 136, 139.) Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption. Here it is unnecessary to resolve any doubts. The property is clearly not devoted to charitable purposes within the meaning of the statute.

Plaintiff further takes the position that the property in question was used exclusively by a society for philosophical purposes, within the meaning of subsection (10) of section 19 of the Revenue Act of 1939. (Ill. Rev. Stat. 1953, chap. 120, par. 500, subpar. (10).) Defendants contend it is unconstitutional for the legislature to exempt property on the ground of use for such purposes. We agree. Article IX of the constitution, after subjecting, in general terms, all property to taxation, provides in section 3 that the legislature may exempt from taxation such property "as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes." (Ill. Rev. Stat. 1953, p. 18.) This constitutional provision is not self-executing; and exemptions within the limitations prescribed, exist only when created by a general law enacted by the legislature. (*Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135; see *People ex rel. Greer* v. *Walters Chapter D.A.R.* 311 Ill. 304.) Examination of the constitutional language fails to disclose any reference to "philosophical" purposes, or to others of similarly vague denotation. We have heretofore observed that "The words used in the constitution are to be taken in their ordinary acceptation and under the rule of strict

construction, which excludes all purposes not within the contemplation of the framers of that instrument." (*People ex rel. McCullough* v. *Deutsche Gemeinde,* 249 Ill. 132, 136.) The common understanding and application of the purposes specified in the constitution does not warrant us in construing them so as to embrace "philosophical" ones. The present provision of the statute, in so far as it purports to exempt property used for philosophical purposes, is unconstitutional.

The property of the plaintiff is not exempt from the taxes imposed for the years in question, and the circuit court erred in holding plaintiff entitled to the relief prayed. The decree is accordingly reversed.

*Decree reversed.*