(No. 33655.—

ROGERS PARK POST No. 108, THE AMERICAN LEGION, DEPARTMENT OF ILLINOIS, Appellee, *vs.* JOHN B. BRENZA, County Collector, *et al.,* Appellants.

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

John Gutknecht, State's Attorney, of Chicago, (Gordon B. Nash, Vincent Flood, Roman R. Stachnik, William S. White, and Charles D. Snewind, of counsel,) for appellants.

Joseph Fisher and Marshall Korshak, both of Chicago, (David H. Mendelsohn and Thomas J. Finnegan, of counsel,) for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

On March 8, 1948, plaintiff, an American Legion Post, acquired certain improved real estate located at 1440 West Devon Avenue in the city of Chicago. Real estate taxes were extended against said real estate for the years 1948

to 1951 both inclusive. On August 17, 1951, plaintiff filed the requisite affidavit in the office of assessor for Cook County claiming exemption of the real estate. Thereafter, the assessor's office marked the said property as exempt from real estate taxes for 1952 and subsequent years and it has been exempt since that time.

Plaintiff filed the complaint herein in chancery to have removed as clouds upon the title to said real estate, all general real estate taxes, interest, penalties and costs extended against said real estate for the years 1948 to 1951, both inclusive, and to enjoin the tax levying, assessing and collecting officials of Cook County from collecting or attempting to collect the same.

The chancellor entered a decree finding plaintiff to be a charitable and beneficent corporation organized under the laws of the State of Illinois as a corporation not for profit and that the real estate in question was used during the years 1948 to 1951, both inclusive, solely and exclusively for a charitable purpose within the intent of the constitution and statutes of the State of Illinois. From the decree granting the prayer of the complaint, defendants appeal.

The plaintiff offered in evidence its charter, defining the object for which it was formed as follows: "To maintain and conduct a constituent Post of the American Legion under the Department of Illinois, and in conformity with the National Constitution and By-Laws of the American Legion." The preamble to the constitution and by-laws of the plaintiff are as follows: "For God and Country, we associate ourselves together for the following purposes to uphold and defend the Constitution of the United States of America; to maintain law and order; to foster and perpetuate a one-hundred per cent Americanism; to preserve the memories and incidents of our association in the great wars; to inculcate a sense of individual obligation to the Community, State and Nation; to combat autocracy of both the classes and the masses; to make right the

master of might; to promote peace and good-will on earth; to safeguard and transmit to posterity the principles of justice, freedom and democracy; to consecrate and sanctify our comradeship by our devotion to mutual helpfulness."

The real estate in question is improved with a two-story building with a basement. It contains an auditorium or hall which is used for Legion purposes and as a meeting hall. It has a canteen "for members of the Legion." At one end of the building there is a parking lot. The building cost in the neighborhood of $140,000 and is encumbered with a $30,000 mortgage.

The premises are used by the Legion itself and also by the Women's Auxiliary and the Junior Auxiliary of the Legion. The Legion holds regular meetings in the auditorium twice a month. On occasions, the auditorium is used by other organizations such as the Boy Scouts, the City of Hope and other charitable and religious organizations for meetings, dances and weddings. The Legion accepts donations from these groups for use of the premises to cover the costs of maintenance, cleaning and upkeep.

No part of the premises is used for commercial or residential purposes. The post is maintained by dues paid by its 519 members. There is no income from the real estate, except donations for the use of the hall. The officers of the plaintiff, a not-for-profit corporation, receive no salary. The corporation never issued any stock. No dividends, profits, bonuses or premiums have ever been distributed to any of the members.

Defendants, in this appeal, present two points for consideration: (1) The plaintiff failed to establish a right for tax exemption and (2) the property sought to be exempt was not used exclusively for a charitable purpose within the intent of the constitution and the statutes of the State of Illinois.

It is the well settled rule of law in the State of Illinois that all property is subject to taxation, unless exempt by

statute, in conformity with the constitutional provisions relating thereto. Taxation is the rule—tax exemption is the exception.

Section 1 of article IX of the constitution of the State of Illinois requires that the General Assembly shall provide such revenue as may be needful for governmental purposes by levying a tax by valuation so that every person and group shall pay a tax in proportion to the value of his, her or its property. Section 3 of the article provides that the property of the State, county and other municipal groups, both real and personal, and such property as may be used exclusively for agricultural and horticultural societies, for schools, religious, cemetery and charitable purposes may be exempt from taxation by general law. This provision of the constitution is not self-executing and the General Assembly, in the exercise of its constitutional power, provided by the seventh paragraph of section 19 of the Revenue Act of 1939 (Ill. Rev. Stat. 1953, chap. 120, par. 500(7),) that all property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or any other State of the United States, and all property of old peoples' homes, when such property is actually and exclusively used for such charitable or beneficent purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation.

Provisions granting tax exemptions are to be construed strictly and must come not only within the terms of the statute but also the authority given by the constitution. The burden of proving and establishing a right to exemption is upon the party seeking the right to exemption. (*Oak Park Club* v. *Lindheimer*, 369 Ill. 462.) In determining whether property is included within the scope of a tax exemption all facts are to be construed and all debatable questions resolved in favor of taxation. (*Turnverein "Lincoln"* v. *Board of Appeals*, 358 Ill. 135; *People ex rel. McCullough* v. *Deutsche Gemeinde*, 249 Ill. 132.)

Every presumption is against the intention of the State to exempt property from taxation. It is, therefore, incumbent upon the plaintiff to show clearly that its organization and the use of its property come within the provisions of the statute and constitution as charitable.

Two things are necessary to the exemption of property used for charitable purposes from taxation: One, ownership by a charitable organization; the other, its exclusive use for charitable purposes. Neither exists here. The plaintiff is not a charitable organization under the law. There is no evidence in the record of any expenditures by plaintiff for charitable purposes. It is a corporation and its character and the purpose for which it was organized must be ascertained by reference to its charter. (*Distilling and Cattle Feeding Co.* v. *People ex rel. Barnewalt,* 161 Ill. 101, *People ex rel. Mercer* v. *Wyanet Electric Light Co.* 306 Ill. 377; *Hall* v. *Woods,* 325 Ill. 114.) The instant plaintiff was organized to carry out the purposes and objectives of the American Legion, to foster love of country, respect for our civil institutions and to benefit and afford comradeship to its members. These purposes and objectives are patriotic, laudable and public spirited. Nonetheless, they do not constitute charitable purposes, however desirable or however beneficial. Primarily the premises are used solely by members of plaintiff and members of its various auxiliaries. From time to time bingo parties, dances and weddings are held on the premises both by the plaintiff and by third parties. None of these uses are for charitable purposes. We are told in the testimony that the premises are also used on occasion by the Boy Scouts, the City of Hope and other charitable organizations. In all instances, whether the user be a charitable organization or not, the plaintiff accepts a "donation" from the user for maintenance and cleaning up and the expenses on the premises. It is apparent from the record before us that the dominant use to which real estate of plaintiff is put is that of a private club

rather than a headquarters for the dispensation of charitable relief. The objects chiefly subserved by this real estate and the methods of administration stamp it plainly as a patriotic and social and not as a charitable enterprise.

Plaintiff contends that its property is exempt from taxation for 1952 and subsequent years and should be exempt for 1948 and subsequent years. In support of this proposition, plaintiff argues that the Attorney General of the State of Illinois and the State's Attorney of Cook County have issued opinions holding property of American Legion Posts, Veterans' of Foreign Wars, and veterans' organizations to be exempt from taxation. The assessor of Cook County, acting pursuant to these legal opinions, formulated a policy whereby he marked exempt the property of American Legion Posts when that property was used exclusively for Legion purposes. The assessor, pursuant to said policy, aforesaid, designated the real estate of plaintiff exempt for 1952 and subsequent years. The opinions of the Attorney General of the State of Illinois and the several State's Attorneys of the State of Illinois, while persuasive, are not binding upon this court. Nor is the action of assessing bodies binding on this court with respect to the assessment of taxes. (*People ex rel. Wangelin* v. *City of St. Louis,* 367 Ill. 57; *People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369.) Courts have no power to create exemption from taxation by judicial construction. Such authority rests in the legislature. The burden of establishing statutory authority for exemptions within the limitations of the constitution rests upon the person who asserts it. The plaintiff has failed to sustain the burden imposed upon it. The charter, the constitution, the by-laws, and the oral testimony disclose that the primary purpose to which the real estate of plaintiff was put, when the taxes for the years 1948 to 1951 were imposed, was patriotic and social and that the charitable use by plaintiff, was, at best, secondary. The real estate of plaintiff is not exempt from the taxes imposed

for the years in question and the plaintiff is not entitled to the relief prayed for in the complaint.

The decree of the superior court of Cook County is reversed.

*Decree reversed.*