(No. 35025.—

LOCUST GROVE CEMETERY ASSOCIATION OF PHILO, ILLINOIS, Appellee, *vs.* RALPH ROSE, County Collector, Appellant.

*Opinion filed January 23, 1959—Rehearing denied March 18, 1959.*

ROBERT W. McDONALD, State's Attorney, of Urbana, for appellant.

John H. Finfrock, and Robert W. Finfrock, both of Urbana, for appellee.

Mr. Justice Bristow delivered the opinion of the court:

.The defendant, as county collector of Champaign County, appeals to this court from an injunction order issued by the circuit court of Champaign County restraining him from collecting or attempting to collect real-estate taxes extended against certain property of plaintiff cemetery association.

Revenue and the constitutionality of certain statutes being involved, this court properly has jurisdiction on direct appeal.

The plaintiff is a cemetery association organized on November 24, 1936, under the Cemetery Act of 1903, as amended. (Ill. Rev. Stat. 1957, chap. 21, pars. 35-55.) On February 26, 1937, the association duly adopted bylaws electing to receive and hold property in perpetual trust pursuant to the provisions of section 2 of "An Act in regard to Cemeteries and to Authorize Perpetual Trusts for the Repair, Maintenance, Upkeep and Ornamentation of Cemeteries and Lots and Graves in Cemeteries and to provide for the management of such trusts," approved July 8, 1927. (Ill. Rev. Stat. 1957, chap. 21, par. 64.) On December 30, 1948, the association was duly licensed by the Auditor of Public Accounts of the State of Illinois to accept and hold in perpetuity care funds under the Illinois Cemetery Care Act. Ill. Rev. Stat. 1957, chap. 21, pars. 64.1-64.24.

Under the last will of Lymen E. Hazen, admitted to probate in the county court of Champaign County on April 18, 1952, the cemetery association acquired title to approximately 80 acres of farm land in Champaign County, by paragraph 9 thereof, which provided as follows:

"Ninth: I give and devise unto the Locust Grove Cemetery Association organized under the laws of the State of Illinois, the following described real estate, to-wit: [property in question and other real estate] to be added to and become a part of the endowment fund or property of said Cemetery Association, the income only to be used for the benefit and maintenance of the cemetery of said Cemetery Association, in such manner as the trustees shall in their discretion deem best suited to carry out the purpose for which the Association was organized."

No part of said property is used as a cemetery or for burial purposes, but it is rented and the income is used as other income in the association trust or care funds.

For the revenue year 1956 a tax in the amount of $360.54 was extended against this property. When the defendant threatened to take steps to effect collection thereof, the plaintiff association filed its complaint for injunction. On a stipulation of the facts, the injunction order was entered from which this appeal is taken.

Defendant's position is that the land in question is not exempt from taxation because it is not used for burial purposes and, also, that if the statutes in question exempt the land in question they are unconstitutional.

Plaintiff contends that the property in question is validly exempted from taxation by three separate statutes: section 14 of the Cemetery Act of 1903, section 2 of the act of 1927 relating to perpetual trusts, and section 6 of the Cemetery Care Act; that the said property is used exclusively for cemetery purposes; and that plaintiff association is exempt from taxation as a municipal corporation.

Section 1 of article IX of the Illinois constitution of 1870 provides: "The general assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property * * *." Section 3 of the same article of the constitution authorizes

tax exemptions as follows: "The property of the state, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law."

Section 14 of the Cemetery Act of 1903 (Ill. Rev. Stat. 1957, chap. 21, par. 49) under which plaintiff association is organized provides: "The property, both real and personal, of any association organized under this act, shall be forever exempt from taxation for any and all purposes."

Section 2 of an act concerning perpetual trusts of cemeteries, approved July 8, 1927, (Ill. Rev. Stat. 1957, chap. 21, par. 64,) under which plaintiff association has adopted the necessary bylaws and under which it has accepted property in perpetual trust, provided, among other things, as follows: "The trust funds, gifts, devises and bequests mentioned in this section and the income arising therefrom shall be exempt from taxation and from the operation of all laws of mortmain, and the laws against perpetuities and accumulations."

Section 6 of the Illinois Cemetery Care Act, approved July 21, 1947, (Ill. Rev. Stat. 1957, chap. 21, par. 64.6,) under which plaintiff association is licensed by the State and is administering its care funds, provides: "The trust funds authorized by the provisions of Section 3 of this Act, and the income therefrom, and any funds received under a contract to furnish care of a burial space for a definite number of years, shall be exempt from taxation and the trust funds authorized by the provisions of Section 3 of this Act, and the income therefrom, shall be exempt from the operation of all laws of mortmain and the laws against perpetuities and accumulations."

None of these statutes are ambiguous, requiring an interpretation or construction thereof as to the legislative

intention or meaning. A reading thereof discloses a clear legislative intent to exempt from all taxation all cemetery property, including income producing trust, endowment and care funds. The sole question presented for decision is whether or not the Illinois constitution of 1870 permits the legislature to exempt from taxation property owned by or held in trust for a cemetery, the income from which can be used only for the benefit and maintenance of the cemetery.

It has long been held that section 3 of article IX of the Illinois constitution of 1870 is not self-executing and requires a statute to provide the exemption. However, the statute cannot be made broader than the provisions of the constitution and no property except that mentioned in the section can be exempted by any law passed by the legislature. *Oak Ridge Cemetery Corp.* v. *Tax Com.* 299 Ill. 430; *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149.

No cases have been cited or called to our attention, nor have we found any, which pass directly on these statutes. The defendant has referred to numerous cases involving claimed tax exemption of property, but none have involved these statutes. Many of such cases involved construction of the exemption statute appearing in section 19 of the Revenue Act of 1939, (Ill. Rev. Stat. 1957, chap. 120, par. 500,) and in each such case in which the court held the property subject to tax it was on the basis that the property did not fall within the terms of the statute granting exemption. No question of constitutional construction was involved. (*People ex rel. Paschen* v. *Hendrickson-Pontiac, Inc.* 9 Ill.2d 250; *International College of Surgeons* v. *Brenza,* 8 Ill.2d 141; *Rogers Park Post No. 108* v. *Brenza,* 8 Ill.2d 286; *City of Lawrenceville* v. *Maxwell,* 6 Ill.2d 42; *People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369; *People ex rel. Pearsall* v. *Methodist Episcopal Church,* 315 Ill. 233.) Section 19 of the Revenue Act of 1939 exempts from taxation "all lands

used exclusively as graveyards or grounds for burying the dead." This limitation is not involved in the present case and exemption of the property in question is not sought under its provisions.

Two of the cases cited by defendant involved cemeteries created by special charter in each of which the court held the property did not fall within the exemption granted, and no constitutional issues were passed upon. (*Bloomington Cemetery Association* v. *People ex rel. Baldridge,* 170 Ill. 377; *Rosehill Cemetery Co.* v. *Kern,* 147 Ill. 483.) In *Glen Oak Cemetery Company* v. *Board of Appeals,* 358 Ill. 48, a cemetery corporation organized for profit unsuccessfully sought exemption under the Revenue Act, and no constitutional issue was raised. *Concordia Cemetery Association* v. *Minnesota and Northwestern Railroad Co.* 121 Ill. 199, was an eminent domain proceeding and did not involve any tax issues.

The question here presented is solely one of constitutional power of the legislature. The Illinois legislature does not look to the State constitution for power to act, but looks to it and the Federal constitution only for restrictions upon its powers to act. (*Fenske Bros. Inc.* v. *Upholsterers International Union,* 358 Ill. 239; *Nielsen* v. *City of Chicago,* 330 Ill. 301; *Taylorville Sanitary Dist.* v. *Winslow,* 317 Ill. 25.) Every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by the General Assembly. (*Sutter* v. *People's Gas Light and Coke Co.* 284 Ill. 634.) Thus the question is narrowed to an inquiry whether or not the statute contravenes any constitutional provision. The party challenging the constitutionality of an act has the burden of clearly showing wherein it violates the constitution. (*People* v. *Dale,* 406 Ill. 238.) All presumptions are in favor of the constitutionality of legislation once it becomes the law of the State and all reasonable doubts must be resolved in its favor. *People* v. *Illinois Toll High-*

*way Commission,* 3 Ill.2d 218; *Thillens, Inc.* v. *Hodge,* 2 Ill.2d 45; *Gadlin* v. *Auditor of Public Accounts,* 414 Ill. 89; *Klein* v. *Dept. of Registration and Education,* 412 Ill. 75; *People* v. *Newcom,* 318 Ill. 188.

The legislature, by section 3 of article IX of the constitution, is given power to exempt from taxation any and all property used exclusively for cemetery purposes. The enumeration therein of certain classes of property which may be exempted has been held to be a limitation upon the power of the legislature to exempt any other property, and such enumeration constitutes an exclusion of all other subjects of exemption. (*Supreme Lodge* v. *Board of Review,* 223 Ill. 54; *People's Loan and Homestead Ass'n* v. *Keith,* 153 Ill. 609.) It is beyond the power of the legislature to add to or broaden the exemptions which the constitution permits it to provide. *People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369; *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149.

Is property owned by, or held in trust for, a cemetery, the income of which can be used exclusively and only for the care and maintenance of the cemetery, property used exclusively for cemetery purposes within the meaning of the Illinois constitution? The constitution does not use the language "used exclusively as graveyards or grounds for burying the dead" but uses the more general, all-inclusive term "for cemetery purposes." Words used in the constitution are to be taken in their ordinary acceptance. (*People ex rel. McCullough* v. *Deutsche Gemeinde,* 249 Ill. 132; *International College of Surgeons* v. *Brenza,* 8 Ill.2d 141.) We think the distinction is very broad between property contributing exclusively to the purposes of a cemetery and that which is used directly, immediately and exclusively for graveyard or burial purposes of a cemetery. The legislature itself has recognized that a cemetery is something more than a mere "graveyard or burial ground," for in enacting the Cemetery Act of 1903, under which plaintiff

association is organized, it provided "That such cemetery association, when duly organized, shall be public corporations, for the purpose of burial ground and cemetery business only." Ill. Rev. Stat. 1957, chap. 21, par. 50. The two things are not the same, for cemetery purposes include much more than the mere burial ground or plot.

In *People* v. *Rosehill Cemetery Co.* 371 Ill. 510, a similar differentiation was noted between the terms "burial" and "burial purposes." At page 516 it was said: "There is a difference between 'burial' and 'burial purposes.' Burial is restricted to the act of interment. The purpose of burial is not alone the interment, but includes the continuing care, preservation and ornamentation of the place of interment. This arises from the age-old sentiment of furnishing and preserving a last resting place for the remains of deceased loved ones."

It clearly seems to be a proper purpose of a cemetery association to provide for perpetual trust or care funds with which to operate and maintain itself and its cemetery. After the burial grounds are full so there can be no future interment, the cemetery association still has an obligation and purpose to provide for the upkeep and maintenance of the grounds, drives, fences, graves and all of its other physical property. It is certainly as much a cemetery purpose to do this as to provide for the interment itself.

This court has previously recognized that property received by gift or devise and held in trust as part of the endowment fund of a tax-exempt institution, when only the income is available for use of the institution, is exempt from taxation. In *Monticello Seminary* v. *Board of Review,* 249 Ill. 481, we held part of the endowment funds of the seminary subject to tax and part exempt. At page 484 it was said: "There is no restriction on the use of the principal or interest of any portion of the fund. So far as appears it may be used for any purpose." This part

"was properly held not exempt." In holding part of the endowment exempt, it was said at page 485: "Appellant's ownership of this fund is but a limited or conditional one. It must keep the principal intact and use only the income. The income is the gift of the donors for a specific purpose, and is not a 'profit' in any sense in which that word can properly be used. The trustees of the institution can be compelled to use this income for the purpose stipulated by the donors. * * * There is a clear distinction between this endowment fund held by the institution in trust, and the other credits which can be invested by the trustees of the institution for profit in any way that the trustees desire. To exempt the * * * endowment fund from taxation is in accord with the letter and spirit of our revenue statutes and the constitution."

Previously, in *Monticello Female Seminary* v. *People,* 106 Ill. 398, it was held that farm lands owned by a seminary and used for raising of corn, oats and hay, cattle and orchard produce, where everything raised was used in order to help make the institution self-sustaining, and where all the profit realized over and above production expense was put in a fund for the education of indigent females, were exempt from taxation under a statutory exemption more limited and restricted than here involved. As indicated in *Knox College* v. *Board of Review,* 308 Ill. 160, it is not necessary that the use of the property be absolutely essential for the carrying out of the work of the institution, but in tax cases the use of the property need only be relatively necessary for the work of the institution.

In numerous other cases property owned by schools, not used for instructional purposes but used for student dormitories and dining rooms exclusively on a fee basis, has been held tax exempt as being used "exclusively for school purposes." *School of Domestic Arts and Science* v.

*Carr*, 322 Ill. 562, and cases cited; *People ex rel. Hesterman* v. *North Central College*, 336 Ill. 263; *People ex rel. Goodman* v. *U. of I. Foundation*, 388 Ill. 363.

It is our conclusion that the statutes here challenged are definitely within the constitutional power of the legislature and validly exempt property used exclusively for cemetery purposes within the meaning and intention of the makers of the constitution. The trial court is affirmed.

In view of the foregoing, it is deemed unnecessary to pass on the question of the tax exemption of plaintiff as a municipal corporation.

*Decree affirmed.*