(No. 35152.—

ASSOCIATION OF AMERICAN MEDICAL COLLEGES, Appellant, *vs.* FRANCIS S. LORENZ, County Treasurer, *et al.*, Appellees.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

HERSHEY, J., dissenting.

BELL, BOYD, MARSHALL & LLOYD, of Chicago, (DAVIS
A. WATTS, and LEIGH R. GIGNILLIAT III, of counsel,) for
appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chi-
cago, (FRANCIS X. RILEY and EDWARD J. HLADIS, Assist-
ant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

Alleging exemption as an educational institution, the
Association of American Medical Colleges brought suit in
the superior court of Cook County to enjoin the appropriate
county officials from collecting taxes on its property for
1957 and subsequent years. From a decree dismissing its
complaint the plaintiff appeals. The appeal comes directly
to this court, since the revenue is involved.

The Association is a not-for-profit corporation whose
general purpose is to improve medical education in the
United States. Its members include medical schools through-
out the country, each of which contributes, annually, a sub-
stantial sum of money. Hospitals and individuals may also
belong to the Association, but the latter are without voting
privileges.

The property involved here consists of improved real
estate in the city of Evanston. It is used solely in the
conduct of plaintiff's operations for improving educational
standards at various medical schools, and for other activities
incidental thereto. The Association publishes a journal and
a directory showing admission requirements and other in-
formation about medical schools; compiles student infor-
mation designed to assist medical schools in developing
programs of instruction; sponsors admission tests and
teaching institutes; evaluates students' intellectual and
personality characteristics and their relationship to scholastic
and professional performance; maintains a library of mo-

tion picture films for use by medical schools; performs placement functions; and appraises the curricula of medical schools and colleges. Through its inspection and liaison committee the Association joins in the accrediting of all medical schools in the United States.

The identity of the use made of the property is not in dispute. Exemption is resisted on the grounds (1) that the Association is not a school, and (2) that the character of the use to which the property is devoted is not an educational one. Article IX of the constitution authorizes the legislature to exempt from taxation such property, *inter alia,* as may be used exclusively for school purposes. This provision is not self-executing. Exemption is afforded only by general law enacted by the legislature. (*International College of Surgeons* v. *Brenza,* 8 Ill.2d 141.) The statutory provisions upon which the plaintiff relies grant exemption for all property "used for public school, college, seminary, university, or other public educational purposes." (Ill. Rev. Stat. 1957, chap. 120, par. 500.) This court has had frequent occasion to construe this language, but the precise question presented here has not received a clear determination. Through able briefs and arguments of counsel we have been afforded the rules, *pro* and *con,* which apply to tax exemption questions, and the principal authorities which have applied them.

After careful consideration we think the property involved here is exempt from taxation. There is no merit in defendants' position that only "schools" are entitled to the exemption. The taxable status of property is not determined solely or necessarily by whether the owner or operator is a school. The mere fact that class instruction in useful subjects is conducted, and hence that a "school" of some kind is maintained, is not sufficient. (*Coyne Electrical School* v. *Paschen,* 12 Ill.2d 387; *People ex rel. Brenza* v. *Turnverein Lincoln,* 8 Ill.2d 198.) On the other hand it is not essential, for exemption, that classroom instruction

be given at the site. The statute specifies purposes in the alternative. Tax exemption may be had for property used for "public educational purposes" as well as for property used as the school itself. That such is the proper construction is evident also from the fact that the applicable statutory section, before the general provisions quoted above, exempts "all property of schools" used by them exclusively for school purposes. Under the interpretation urged by defendants this would suffice to cover the intended scope of the exemption. By the addition of the quoted language an intention is manifested to include as well property which, although not used as a school, is used for school purposes. It does not matter, therefore, that the applicant is not in form a school. Nor is it decisive that ownership of the property is in someone other than the person or organization claiming exemption. (*People ex rel. Bracher* v. *Salvation Army,* 305 Ill. 545.) The test is use, not ownership or proximity to classroom work.

Defendants next insist that the property in question is not used exclusively for school purposes because it is not directly devoted to classwork; and that the functions plaintiff performs for its member institutions are primarily administrative and statistical ones having only an incidental relationship to teaching activities. We cannot agree. That there is a real and substantial connection between the uses of this property and the intent of exemption provisions seems apparent. We think the argument that would confine exemption to property used as classrooms fails to recognize the statutory purpose. As to religious or seminary use (which, by the constitution and subparagraph 2 of section 19 of the statute, is placed upon the same footing as school or educational use) property need not be devoted solely to classroom activity or church services in order to qualify for exemption. Thus the fact that church property is used for a dormitory, refectory, nursery for growing

trees and shrubs to beautify the premises, a baseball diamond and tennis courts, swimming, boating and skating does not preclude a finding that it is exempt on the ground of use for school or religious purposes. (*People ex rel. Pearsall* v. *Catholic Bishop*, 311 Ill. 11.) A similar conclusion has been reached with respect to residence halls, dining rooms and club houses as well as baseball, football and bowling facilities, when used as an adjunct of "educational processes." (*People ex rel. Goodman* v. *University of Illinois Foundation*, 388 Ill. 363.) If football and bowling in conjunction with an educational institution do not defeat the exemption, certainly programs realistically designed to assist the furtherance of intellectual instruction can hardly be accorded an inferior status.

Without a repetition of the rules and presumptions governing the present subject, it seems quite clear that defendant's argument urging a limitation of the exemption to property where classes are conducted or courses taught cannot be accepted. The functions to which plaintiff's property is devoted are identical to those which would afford exemption if conducted separately by the member institutions. While exemption provisions must be strictly construed, and taxation upheld if there is any doubt about the matter (*Coyne Electrical School* v. *Paschen*, 12 Ill.2d 387; *International College of Surgeons* v. *Brenza*, 8 Ill.2d 141), there can be no doubt that the plaintiff's services in improving educational standards meet the statutory test. Where the functions themselves qualify for exemption it does not matter that they are performed by a separate organization rather than by the respective member institutions. It is not the policy of the law to penalize efficiency or to favor duplication of effort. If ways of doing things have become outmoded or replaced by more efficient and realistic methods of management, the law will look to the substance, not to the mere forms.

From an examination of the authorities and a recognition of the considerations governing the policy of this State in affording educational facilities an exemption from taxation, we conclude that the plaintiff's property is devoted to purposes for which the statute was designed, and that the superior court erred in dismissing the complaint. The decree is reversed and the cause is remanded, with directions to grant the injunction.

*Reversed and remanded, with directions.*

Mr. JUSTICE HERSHEY, dissenting:

I dissent to the foregoing opinion for the reason that it is contrary to and fails to recognize the most recent pronouncement of this court as to what property may be exempted from taxation as property used for public school, college, or educational purposes. (*Milward* v. *Paschen,* 16 Ill.2d 302.) The court there summarized the more recent pronouncements of requirements necessary to be met to qualify a private institution for such tax exemption. The prime requisite found and there stated was as follows: To qualify for tax exempt status in Illinois, it must be shown that the institution assumes some of the burden of education that would otherwise necessarily be borne by the taxpayer. The educational facilities provided must fit within the general scheme of education founded by the State and provided by public taxation, and such governmental obligation and function must be substantially lessened by the institution claiming exemption.

This basic principle is not incorporated into the majority opinion, resulting, I believe, in an incomplete statement and application of existing legal principles.