(No. 40282.—

North Shore Post No. 21 of the American Legion, Appellant, *vs.* Bernard J. Korzen *et al.,* Appellees.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

SCHAEFER, J., concurring.

WARD, J., took no part.

SPRAY, PRICE, HOUGH & CUSHMAN, of Chicago, (ROBERT S. CUSHMAN, MINARD E. HULSE, JR., and ALBERT C. LINENTHAL, of counsel,) for appellant.

JOHN J. STAMOS, State's Attorney, of Chicago, (EDWARD J. HLADIS, DONALD J. VEVERKA, and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

North Shore Post No. 21 of the American Legion, an Illinois not-for-profit corporation, filed a complaint in the circuit court of Cook County seeking a declaratory judgment that its headquarters building is exempt from taxation and an injunction against the collection of 1964 real-estate taxes on the property. The trial court held section 19.18 of the Revenue Act of 1939, as amended, (Ill. Rev. Stat. 1963, chap. 120, par. 500.18) pertaining to veterans organizations, which plaintiff relies on for exemption, unconstitutional, and entered a decree declaring the property not to be tax exempt. Plaintiff appeals directly to this court, the revenue and the constitutionality of a statute being involved.

Section 19.18 adopted in 1959, adds the following to the list of tax-exempt property: "All property of veterans' organizations used exclusively for charitable, patriotic and civic purposes." The trial court held that a "patriotic" or "civic" use was not a charitable use within the meaning of section 3 of article IX of the Illinois constitution, which in part provides that such "* * * property as may be used exclusively for agricultural and horticultural societies, for

school, religious, cemetery and charitable purposes, may be exempted from taxation * * *."

The first issue is whether section 19.18 of the Revenue Act is constitutional. Plaintiff contends that the legislature can constitutionally declare a patriotic use to be a charitable use while defendants argue that a patriotic or civic use is outside the realm of a charitable use as contemplated in the constitution.

The Illinois constitution is not regarded as a grant of powers to the legislature, but rather as a restriction on the legislature's power to act. (*Droste* v. *Kerner,* 34 Ill.2d 495; *Locust Grove Cemetery Ass'n* v. *Rose,* 16 Ill.2d 132; *People* v. *Dale,* 406 Ill. 238.) In general terms article IX of the constitution subjects all property to taxation. Section 3 of that article permits the legislature to exempt certain property, but this provision is not self-executing and exemptions exist only when created by a general law enacted by the legislature. (*Association of American Medical Colleges* v. *Lorenz,* 17 Ill.2d 125; *International College of Surgeons* v. *Brenza,* 8 Ill.2d 141; *Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135.) It is permissible, not mandatory, for the legislature to exempt certain property from taxation. It follows, therefore, that in exempting property the legislature may place restrictions, limitations, and conditions on such exemptions as may be proper by general law.

Section 19.18 exempts from taxation property of veterans' organizations which is used exclusively for "charitable, patriotic *and* civic purposes". (Emphasis added.) There is a presumption of constitutionality of legislation once it becomes the law of the State, and all reasonable doubts must be resolved in its favor. (*Locust Grove Cemetery Ass'n* v. *Rose,* 16 Ill.2d 132; *People* v. *Illinois Toll Highway Com.,* 3 Ill.2d 218.) It is our view that the legislature, in enumerating the purposes for which property must be used to render it exempt, meant to use the conjunction "and" in its ordinary sense rather than as a disjunctive conjunction

which would permit any one of the three stated uses as being sufficient to exempt the property from tax. Therefore, in order for property of veterans' organizations to be exempted from taxation it must be shown not only that the property was used exclusively for charitable purposes, but also that such use was patriotic and civic. This is not a broader exemption than is permitted by the constitution, rather it is more restrictive, therefore, section 19.18 pertaining to veterans' organizations is not unconstitutional.

After determining that section 19.18 was unconstitutional, the trial court found that plaintiff did not use its property exclusively for charitable purposes, but expressly refused to consider whether the property was used within the contemplation of that section. The next question before us is whether plaintiffs' property was used for purposes which make it exempt from taxation under section 19.18.

Defendants contend that plaintiff must first prove that it is a charitable organization and then show that its property is used exclusively for charitable purposes and not leased or otherwise used with a view to profit. Although these requirements are set forth in *Milward* v. *Paschen,* 16 Ill.2d 302, that case is decided under section 19.7 of the Revenue Act, (Ill. Rev. Stat. 1965, chap. 120, par. 500.7,) which deals with exemptions of property of charitable organizations. However the rationale of *Milward* is applicable here. In order to qualify its property for exemption the party seeking it must prove that it is the kind of organization or institution described in the applicable exempting statute and that its property is used exclusively for purposes set forth in the act. (See also, *American College of Surgeons* v. *Korzen,* 36 Ill.2d 340; *Rotary International* v. *Paschen,* 14 Ill.2d 480.) Specifically, plaintiff need not here prove that it is a charitable institution but rather that it is a veterans organization and that its property is used exclusively for charitable, patriotic and civic purposes.

Statutes granting tax exemptions are to be strictly con-

strued and are not to be extended by judicial interpretation beyond the authority given in the constitution. (*Kiwanis International* v. *Lorenz,* 23 Ill.2d 141; *Rogers Park Post No. 108* v. *Brenza,* 8 Ill.2d 286.) The burden of proving the right of exemption is upon the party seeking it, and in determining whether property is included within the scope of an exemption all facts are to be construed and all debatable questions resolved in favor of taxation. (*Kiwanis International* v. *Lorenz,* 23 Ill.2d 141; *Rotary International* v. *Paschen,* 14 Ill.2d 480.) Plaintiff must therefore clearly show that its organization and the use of the property came within the provisions of the statute and the constitution. *Rogers Park Post No. 108* v. *Brenza,* 8 Ill.2d 286.

There is no argument that plaintiff is not a veterans' organization. In this case as in *Rogers Park,* the plaintiff was organized primarily "to carry out the purposes and objectives of the American Legion, to foster love of country, respect for our civil institutions and to benefit and afford comradeship to its members. (8 Ill.2d 286, 291.) Additional purposes are set forth in its charter and may be summarized as follows: to aid and assist financially and to otherwise care for disabled veterans and their families; to engage in charitable works and enterprises; and to own and use real estate for charitable purposes.

Plaintiff has not shown, however, that the primary use of the premises was in furtherance of these charitable purposes. The record shows that the premises are used primarily for the following purposes: meetings, both business and social, of the plaintiff and its various auxiliaries; wedding receptions of members of the Post and of third parties; dinners and social parties for plaintiff and its auxiliaries; meetings of boy scout troops; meetings of other veterans organizations for a rental donation of $15; a bar is maintained primarily for members; pool and billiard facilities are maintained for members and their guests; and a five-room apartment is maintained for a caretaker who pays

no rent but receives $40 per month as caretaker. None of these uses are *per se* patriotic and charitable. Although the plaintiff and its auxiliaries engage in activities which are public spirited and laudable, such as presenting American-ism awards to schools, participating in Veterans Day parades, attending and participating in funerals of veterans, and sponsoring a boys baseball team and a junior rifle team, they do not constitute charitable purposes, however desirable or beneficial. (See *Rogers Park Post No. 108* v. *Brenza,* 8 Ill.2d 286.) The sole charitable activities shown in the record are conducted by the women's auxiliary and consist primarily of preparing and collecting clothing or other personal items for hospitalized veterans, and volunteer work at hospitals by some members of the auxiliary.

Plaintiff has not sustained the burden of showing that the property is used exclusively for charitable, patriotic and civic purposes, as we interpret the statute in light of the constitution. Therefore its property is not exempt from the taxes imposed on it for the year 1964 and the relief prayed for in the complaint is denied.

The determination of the circuit court of Cook County that section 19.18 of the Revenue Act is unconstitutional is reversed but its judgment denying exemption is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, concurring:

I agree that the judgment of the circuit court should be affirmed, but I do not agree that the statute in question is constitutional.

Section 3 of article IX of the constitution provides: "The property of the state, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." The statute here

involved is not a "general law." It applies only to "property of veterans' organizations". The property of all others, although devoted to identical uses, is not exempt. This, as I see it, is special legislation.

Mr. JUSTICE WARD took no part in the consideration or decision of this case.