(No. 86138.—

THE STREETERVILLE CORPORATION, Appellant, v. THE DEPARTMENT OF REVENUE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed July 1, 1999.*

HARRISON, J., joined by McMORROW, J., dissenting.

Aaron R. Bilton, of Flanagan & Bilton, and Thomas E. Brannigan, of Smith, Hemmesch, Burke & Brannigan, all of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield (Michael A. Rakov, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:
The issue in this case is whether the Streeterville Corporation (Streeterville) is entitled to a partial real estate tax exemption for a parking garage which it owns and operates for the use of Northwestern Memorial Hospital. We hold that it is so entitled.

## BACKGROUND

The facts in this case are not in dispute. Both Streeterville and Northwestern Memorial Hospital are tax-exempt corporations. One of the properties owned by Streeterville is a large parking garage located near the hospital in the downtown Chicago area. During all times relevant herein, the garage, which contains 1,072 parking spaces, offered discounts to Northwestern employees, but was also open to the general public. Although the garage did not designate any area for exclusive parking by Northwestern personnel, the parties agree that 74% of the customers parking in the garage received some form of Northwestern discount.

Streeterville applied for a partial real estate tax

exemption for the 1993 tax year based upon section 19.16 of the Revenue Act of 1939 (as then in effect), which exempted from tax:

> "Parking areas, not leased or used for profit, when used as a part of a use for which an exemption is provided hereinbefore and owned by any school district, non-profit hospital or school, or religious or charitable institution which meets the qualifications for exemption." 35 ILCS 205/19.16 (1992).

After the Illinois Department of Revenue (Department) denied the application, Streeterville sought administrative review in the circuit court of Cook County. The circuit court set aside the Department's decision, finding that Streeterville was entitled to a partial exemption based upon the portion of the property used for exempt purposes. The Department appealed, and a divided panel of the appellate court reversed, holding that Streeterville was not entitled to any exemption because it could not identify any specific parking spaces which were used solely by hospital personnel. No. 1—97—2607 (unpublished order under Supreme Court Rule 23). We granted Streeterville's petition for leave to appeal and now reverse.

## ANALYSIS

In *Illinois Institute of Technology v. Skinner*, 49 Ill. 2d 59 (1971), this court identified two distinct situations in which property may qualify for a tax exemption despite a partial, nonexempt use. First, property may be wholly exempt from tax if any nonexempt use can be described as "merely incidental." *Skinner*, 49 Ill. 2d at 66. Second, even where nonexempt use is more than merely incidental, the property may nonetheless qualify for a partial exemption where an "identifiable portion" of the property is used for exempt purposes. *Skinner*, 49 Ill. 2d at 66.

In the instant case, Streeterville concedes that the 26% nonexempt use of the parking facility cannot qualify

as merely incidental. Thus, the dispositive question in this case is whether an "identifiable portion" of the parking structure is used for exempt purposes. The Department contends that the answer is no. The Department concedes, however, that if Streeterville had designated certain parking spaces for use solely by hospital personnel, then the parking structure would be partially exempt. At oral argument, counsel for the Department suggested that Streeterville could get a partial exemption by assigning the first 3 of its 10 floors to paying customers, and reserving the remaining seven floors for hospital personnel. Nevertheless, the Department maintains that the fact that Streeterville allows its patrons to park wherever they choose renders the entire parking structure taxable.

In support of its position, the Department makes two distinct arguments: first, that a taxpayer may never rely upon statistical evidence concerning the use of its property in order to "identify" a portion of that property which is used for exempt purposes; and second, that allowing a partial exemption under these circumstances would create serious administrative difficulties for the Department. Neither argument is persuasive.

The Department cites *Evangelical Hospitals Corp. v. Department of Revenue*, 223 Ill. App. 3d 225 (1991), for the principle that taxpayers may not use statistical evidence to identify an exempt portion of their property. In *Evangelical Hospitals*, the appellate court considered whether a pharmacy was entitled to a partial real estate tax exemption based upon evidence that the portion of the pharmacy's *sales* which constituted a nonexempt use accounted for only 15% to 20% of the pharmacy's operating costs. The appellate court found such evidence insufficient to support a partial tax exemption, because "there was no evidence establishing what portion [of the property] was used for sales to third parties at a markup and what portion was used to sell to its own health care facilities." *Evangelical Hospitals*, 223 Ill. App. 3d at 231. The

Department reads *Evangelical Hospitals* as establishing a blanket rule prohibiting the use of statistical evidence to identify an exempt portion of a taxpayer's property.

Assuming, for the sake of argument, that *Evangelical Hospitals* was correctly decided, we find its facts to be inapposite. In *Evangelical Hospitals*, the pharmacy presented evidence regarding the percentage of its *sales* which constituted an exempt use. Such evidence says nothing about the amount of *space* which was used for exempt purposes, and thus could not demonstrate that an "identifiable portion" of the property was used for such purposes. In contrast, the instant case concerns a claimed exemption for a *parking garage* based upon evidence concerning the use of space in the facility. By its very nature, the product which Streeterville deals in is *space*. Accordingly, evidence that 74% of Streeterville's customers were hospital personnel establishes that an "identifiable portion" of the facility was used for exempt purposes.

We are similarly unpersuaded by the Department's claim that recognizing the right to a partial exemption under these facts would create administrative difficulties for the Department. In the first place, administrative difficulties are hardly a legal justification for disregarding a tax exemption. Arguably, every tax exemption may cause administrative difficulties. It is the responsibility of the Department of Revenue to accommodate such difficulties. Secondly, we note the Department's predicted difficulties did not, in fact, surface in this case. The record before us discloses that Streeterville and the Department had no difficulty agreeing upon the percentage of the parking facility which was used by hospital personnel. Finally, the law is clear that the burden of proving the right to an exemption rests upon the party seeking it. *Willows v. Munson*, 43 Ill. 2d 203, 207 (1969). The taxpayer seeking exemption must demonstrate by clear

and convincing evidence that the exemption applies. *Evangelical Hospitals*, 223 Ill. App. 3d at 231. Therefore, in those instances where the nature of the property makes it impossible to determine an "identifiable portion" of the property which is used for exempt purposes, the taxpayer will simply be unable to meet its burden of proof.

In conclusion, we hold that Streeterville is entitled to a partial tax exemption for that 74% portion of its parking facility which, as agreed, is used by Northwestern Memorial Hospital personnel. Accordingly, we reverse the judgment of the appellate court, affirm the judgment of the circuit court, and remand the cause to the Department for proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment affirmed;*
*cause remanded.*

JUSTICE HARRISON, dissenting:

Under Illinois law, all property is subject to taxation unless specifically exempted by statute in conformity with the governing provisions of our constitution. *Rogers Park Post No. 108 v. Brenza*, 8 Ill. 2d 286, 289-90 (1956). Taxation is the rule. Tax exemption is the exception. *Chicago Bar Ass'n v. Department of Revenue*, 163 Ill. 2d 290, 301 (1994); *City of Chicago v. Illinois Department of Revenue*, 147 Ill. 2d 484, 491 (1992).

Consistent with these principles, statutes exempting property from taxation are to be strictly construed in favor of taxation. *Chicago Patrolmen's Ass'n v. Department of Revenue*, 171 Ill. 2d 263, 271 (1996). If there is any doubt as to applicability of an exemption, it must be resolved in favor of requiring that tax be paid. *Van's Material Co. v. Department of Revenue*, 131 Ill. 2d 196, 216 (1989). We presume that the exemption is inapplicable (*Van's Material Co.*, 131 Ill. 2d at 216), and the party seeking the exemption has the burden of proving other-

wise by clear and convincing evidence (see *Institute of Gas Technology v. Department of Revenue*, 289 Ill. App. 3d 779, 782 (1997)).

The Illinois Constitution of 1970 provides:

"The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and *property used exclusively for \*\*\* charitable purposes*." (Emphasis added.) Ill. Const. 1970, art. IX, § 6.

Pursuant to this grant of power, the legislature has enacted section 19.7 of the Revenue Act of 1939, which exempts from taxation "[a]ll property of \*\*\* charitable organizations \*\*\* when such property is *actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit*." (Emphasis added.) 35 ILCS 205/19.7 (West 1992). Under section 19.16 of the Revenue Act, this exemption is extended to "[p]arking areas, *not leased or used for profit*, when used as a part of a use for which an exemption is provided \*\*\* and owned by any \*\*\* non-profit hospital." (Emphasis added.) 35 ILCS 205/19.16 (West 1992).

In the case before us today, the parking garage is owned and operated for the use of a nonprofit hospital and is used "as part of a use for which an exemption is provided." There is no dispute, however, that the garage is not "exclusively used" for the hospital's charitable purposes. Aside from the handicapped spots and some spots reserved for the employees of the company that runs the garage, every parking space in the entire structure is available for use by the general public. No affiliation with the hospital is required as a condition of admittance or use. Anyone can park there at any time for any purpose.

In addition, no claim can be made that the parking areas are not "leased or used for profit" as the statute requires. The hospital charges fees for use of the parking areas in order to make money, just as it leases a portion

of the structure to a fast food restaurant in order to make money. Market rates are charged to everyone except the hospital's doctors, employees and patients, who are entitled to a discount. While it is true that the hospital's doctors, employees and patients constitute the bulk of the garage's users, it is also true that there is nothing to prevent the facility, as presently operated, from being used entirely and exclusively by members of the general public at market rates.

Under these circumstances, I fail to see how we can say that the taxpayer met its burden of proving that the hospital's parking garage qualifies for an exemption under the terms of the Revenue Act or the authority given by the constitution. Had the taxpayer reserved particular spaces for hospital personnel and patients, a partial exemption might be in order. But it did not. We have, instead, a situation where "the property as a whole, or in unidentifiable portions, is used both for an exempting purpose and a nonexempting purpose" and the nonexempting purpose is not "merely incidental." *Illinois Institute of Technology v. Skinner*, 49 Ill. 2d 59, 66 (1971).

Because no physical portion of the parking garage can be identified as having an exclusively exempt use, the taxpayer's claim for an exemption is untenable. It is not insignificant that the Department of Revenue shares this view. Although the Department's interpretation of the law is not binding on us, we have often said that we should accord substantial weight and deference to the interpretation of a statute by the agency charged with its administration and enforcement. See, *e.g., Central City Education Ass'n v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 510 (1992); *City of Decatur v. American Federation of State, County & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988).

In reaching this conclusion, I cannot deny that the statistical approach proffered by the taxpayer and

542

adopted by my colleagues is not without its appeal. Had we the power to establish the system for granting tax exemptions, I might very well endorse it. But we have no such power. As I have noted, exemptions must be expressly conferred by the legislature in conformity with the constitution. The courts cannot create or extend exemptions from taxation by judicial construction. *Illinois Central Gulf R.R. Co. v. Department of Local Government Affairs*, 95 Ill. 2d 111, 119 (1983).

For the foregoing reasons, I would hold that the appellate court was correct when it reversed the judgment of the circuit court and reinstated the Department of Revenue's decision to deny the taxpayer an exemption. I therefore dissent.

JUSTICE McMORROW joins in this dissent.