(No. 19463.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 19, 1929.*

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, and RUTH C. NELSON, of counsel,) for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, JAMES F. CLANCY, and E. CLARK DAVIS, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon the application of the county collector of Cook county to the county court for judgment and order of sale of lands and lots for the taxes of 1927, the city of Chicago appeared and filed objections to the rendition of judgment against certain premises for various reasons, all of which objections have been abandoned except the seventh, viz.: "Said premises are occupied by the city of Chicago for the Iroquois Memorial Hospital under a ninety-nine-year lease, which extended during the entire period from January 1, 1927, to December 31, 1927, and which expires on July 31, 2007, said hospital being operated by the city of Chicago, through its officers and agents, as a municipal hospital and for municipal purposes, and for this reason said premises were and are exempt from general taxes for the year 1927 and subsequent years." The objections were overruled, judgment and order of sale were entered against the premises in question, and the city appealed.

The evidence showed that the premises in question, described as sub-lot 9, lot 4, block 53, original town of Chicago, in section 9, town 39 north, range 14 east of the third principal meridian, are occupied by the Iroquois Memorial Hospital, which is operated by the city of Chicago and has been so operated since it was first erected, in 1908. The hospital is a four-story building located on a plot about 20 by 120 feet. The whole building is occupied as a hospital and there is nothing in the building but hospital activities. The premises were leased to the Illinois Emergency

452

Hospital in 1908 for ninety-nine years, and the lease was subsequently assigned to the city of Chicago. The lease contained the following provisions:

"*Third*—The said lessee further agrees to pay all taxes, assessments, water rates, special assessments and all other impositions of any and every kind which may be levied, assessed or imposed upon said premises or any part thereof, or upon any building or improvements situated thereon, or levied or assessed upon the interest of the lessor in or under this lease for or during the year 1908, and for or during each and every year thereafter during the continuance of this lease, (except inheritance and income taxes, so-called, if any, upon the interest of the lessor,) which said taxes, assessments, water rates and other impositions shall be paid in the name of the said lessor before sale and before application for judgment for collecting the same is made, and the receipts for such payments shall within thirty (30) days after the respective payments evidenced thereby be turned over to said lessor. It is further covenanted that the said lessor shall, at his option, have the right, at all times during the said demised term, to pay any taxes, assessments, water rates or other charges upon said premises remaining unpaid after the same shall have become due and payable, and to pay, cancel and clear off all tax sales, liens, charges and claims upon or against said demised premises, and to redeem said premises from the same, or any of them, from time to time, and the amount so paid, including reasonable expenses, shall be so much additional rent due from the lessee at the next rent day after any such payment, with interest at the rate of seven percentum (7%) per annum from the date of the payment thereof by said lessor until the re-payment thereof to the said lessor by the said lessee."

It is claimed that by the acquisition of the ninety-nine-year lease the city has become the owner of the land, which is therefore exempt from taxation under clauses 6 and 9 of section 2 of the Revenue act, the first of which exempts

from taxation "all public buildings belonging to any county, township, city or incorporated town, with the ground on which such buildings are erected," and the second, "all market houses, public squares or other public grounds used exclusively for public purposes; all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city; all works, machinery and fixtures of drainage districts, when used exclusively for pumping water from the ditches and drains of such district for drainage purposes."

The same objection which is made in this case to the collector's application for judgment for the taxes of 1927 was made to the application for judgment for the taxes of 1924 and was overruled. On appeal to this court the judgment was affirmed, the court holding that the record did not show ownership of the land in the city; that under neither clause 6, clause 7 nor clause 9 was the property exempt from taxation, and that there was no provision of law exempting from taxation property which produces an income not devoted to purposes which rendered the property exempt. (*People* v. *City of Chicago,* 323 Ill. 68.) That decision is conclusive of this case. There has been no material change in the title or use of the property. At the time when that case arose the city was a sub-lessee, having a lease for thirty years from the Iroquois Memorial Emergency Hospital, which was a lessee of the owner of the land for a term of ninety-nine years. After that case was decided the city surrendered its lease for thirty years and became the assignee of the lease for ninety-nine years for the remainder of the term expiring July 31, 2007.

A lease for a term of years is a chattel real. It conveys an interest in the land. While it has some of the attributes of personalty it is treated in many respects as real estate. (*People* v. *Shedd,* 241 Ill. 155.) "Under the common law adopted in this State, a leasehold for years, although the rent may be nominal, the term one thousand

years and the improvements annexed to the freehold and immovable, retains its character as a chattel." (*City of Chicago* v. *University of Chicago,* 302 Ill. 455.) The lease, though for ninety-nine years, was not a sale of the property, nor was the assignment of the lease a sale of the property, though it did convey an interest in the land. A lease, although for a long term, with payments of annual rent, is not a sale, which is a grant of absolute ownership. This lease was for a fixed and determinate period, conditioned upon the payment of fixed, annual rental, and has all the characteristics of a lease and none of the features of a sale. (*City of Chicago* v. *Tribune Co.* 248 Ill. 242.) That is what was held in *People* v. *City of Chicago, supra.* The assignment of the ninety-nine-year lease to the city created no change in its status with reference to the title of this property.

Counsel for the appellant say in their brief that the city is now the owner of the land if a ninety-nine-year lease is to be regarded as equivalent to ownership for purposes of taxation, and they cite several cases to the proposition that in the case of a ninety-nine-year lease the lessee is the owner of the property for purposes of taxation. None of the cases lay down that proposition, and we have been unable to discover any principles of law announced in the opinions in those cases from which we are able to deduce that proposition. The appellant cannot deny the title of its landlord, to whom it has contracted to pay $1800 a year rent for this land, and it is certainly inconsistent with the title of its landlord for the tenant to claim ownership of the property.

The judgment of the county court is affirmed.

*Judgment affirmed.*