(No. 34419.—

THE PEOPLE *ex rel.* John J. Kelly, County Collector, Appellee, *vs.* AVERY COONLEY SCHOOL, Appellant.

*Opinion filed September 20, 1957.*

Hooper & Bunge, of Downers Grove, (Clifford M. Carney, and Gordon C. Bunge, of counsel,) for appellant.

William L. Guild, State's Attorney, of Wheaton, (Edward R. Griesheimer, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

Avery Coonley School, a corporation not for profit, operates a private day school for children under high school age. The school is located on a tract of ten acres in Downers Grove. The county collector of Du Page County applied for judgment of sale of two improved parcels of real estate owned by the school for nonpayment of taxes for the years 1946 to 1954 inclusive. The school objected on the ground that the property was used for educational purposes and so was exempt from taxation. The case was heard on an agreed statement of facts. As to each tract the county court sustained the objection to the assessment of the land, and overruled it as to the buildings. The school appeals, contending that the buildings as well as the land should have been held exempt.

One of the tracts in question is at the entrance to the school property and affords the only means of ingress and egress to the principal school building. The building on this tract is known as "Gate House." It is a two-story common brick building that contains two small apartments, with a one-car garage attached. The first floor apartment is occupied as a residence by the headmistress of the school. The headmistress also has the use of the garage. The second floor apartment is occupied as a residence by the

principal custodian of the school buildings and grounds. The use of the apartments is a part of the compensation of the headmistress and the custodian; neither of them pays rent. The part of this tract that is not occupied by the building is used as a recreational area by the students.

The other tract is improved with a five-room frame building known as "The Cabin." It was built about twenty years ago by the manual training students of the school. Since World War II, when housing conditions became acute, The Cabin has been occupied by unmarried teachers, who otherwise would have difficulty in obtaining suitable housing close to the school. The teachers pay rent of $50 per month to cover operational expenses and maintenance. The rental income has not been sufficient to pay for utilities, repairs and interest on the investment.

Section 3 of article IX of the constitution provides that such "property as may be used exclusively for * * * school * * * purposes, may be exempted from taxation; but such exemption shall be only by general law." Implementing this provision, the legislature has exempted "all property of schools, including the real estate on which the schools are located and any other real estate used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit; * * *." Ill. Rev. Stat. 1955, chap. 120, par. 500; chap. 122, par. 14—11.

Exemption statutes are strictly construed, and one who seeks exemption must show that the use of the property falls clearly within the statutes. *People ex rel. Cannon* v. *Southern Illinois Hospital Corp.* 404 Ill. 66; *City of Mattoon* v. *Graham,* 386 Ill. 180; *People ex rel. Fix* v. *Northwestern College,* 322 Ill. 120; *People ex rel. McCullough* v. *Deutsche Gemeinde,* 249 Ill. 132.

To meet this burden the objector points out that the use of Gate House as a residence permits the headmistress to be available for conferences before and after school

hours and on Saturdays, Sundays and holidays, and that because the custodian lives on the school grounds it is unnecessary to employ a watchman. As to The Cabin, the shortage of suitable housing for unmarried teachers is emphasized. Tuition received has never been sufficient to pay the cost of operating the school. The annual deficits have ranged from $10,000 to $25,000. These deficits have been met by contributions from persons interested in the school.

In our opinion the trial court correctly held that the record does not establish that the two buildings are exempt from taxation. Exemption has been denied in the many cases that have presented similar facts. In *Knox College* v. *Board of Review*, 308 Ill. 160, a house owned by the college and used as a residence by its president was denied exemption on the ground that no part of the activities of the school was required to be performed there. Similarly in *St. John Evangelical Lutheran Congregation* v. *Board of Appeals*, 357 Ill. 69, a building owned by a religious organization and occupied rent-free by an instructor in its parochial school was held taxable although backward students were sometimes tutored there. Property owned by a church and used by its minister as a residence has frequently been held taxable. See: *People ex rel. Pearsall* v. *Methodist Church*, 315 Ill. 233; *First Congregational Church of De Kalb* v. *Board of Review*, 254 Ill. 220; *People ex rel. Thompson* v. *First Congregational Church*, 232 Ill. 158; *People ex rel. Carson* v. *Muldoon*, 306 Ill. 234.

In these cases, and in many others, the primary use of the property, and not its incidental uses, has fixed its status for taxing purposes. Here, as in the cases cited, the residential use is primary; other uses are incidental. Different factual situations were presented in *People ex rel. Hesterman* v. *North Central College*, 336 Ill. 263, and *People ex rel. Goodman* v. *University of Illinois Foundation*, 388 Ill. 363. In the former, two properties used as college

dormitories and dining halls were exempted from taxation. Seventy students with three teachers as supervisors occupied the buildings. This court stated that properties exclusively used by students are "an essential part of universities and colleges and are devoted to the purposes for which such institutions are organized." In the latter case, the property was used primarily for educational purposes. The fact that there was some public use of the facilities, described by the court as less than three per cent, did not defeat the exemption.

It is true that in *Monticello Female Seminary* v. *People*, 106 Ill. 398, a building occupied by the superintendent of grounds of the seminary as a residence was held to be exempt. The custodian in the present case appears to do essentially the same work as the superintendent of grounds in the earlier case. It has been pointed out, however, that in the *Seminary case* the building "was also occupied when necessary, by scholars of the institutions." *Knox College* v. *Board of Review*, 308 Ill. 160.

The trial court found that the lots were an integral part of the school campus, and that the basic use of the land was therefore for educational purposes. The collector argues that the land itself should have been held taxable as well as the buildings. But that question is not before us because no appeal was taken from the order holding the land exempt. Where a tract is used for two purposes, there is nothing novel in exempting the part used for an exempt purpose and subjecting the remainder to taxation. *City of Lawrenceville* v. *Maxwell*, 6 Ill.2d 42; *City of Mattoon* v. *Graham*, 386 Ill. 180; *Glen Oak Cemetery Co.* v. *Board of Appeals*, 358 Ill. 48; *People ex rel. Pearsall* v. *Catholic Bishop of Chicago*, 311 Ill. 11.

The order of the county court of Du Page County is affirmed.

*Order affirmed.*