(No. 36360.—

The First National Bank of Danville *et al.,* Appellants, *vs.* William E. Ryan, County Collector, Appellee.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

GRAHAM, WISE and MEYER, of Danville, (HENRY S. WISE, and F. DANIEL WELSCH, of counsel,) for appellants.

JOHN R. DEAN, State's Attorney, of Danville, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The plaintiffs, the First National Bank of Danville, as trustee under the last will and codicils thereto of William E. Fithian, deceased, and Spring Hill Cemetery of Danville, a cemetery association, appeal directly to this court from a decree of the circuit court of Vermilion County, dissolving a temporary injunction entered by that court restraining the defendant as county collector of Vermillion County, from collecting or attempting to collect real-estate taxes levied against certain real estate held in trust by the bank for the use and benefit of the cemetery. The revenue being involved we have jurisdiction and the question presented is whether the real estate involved is exempt from taxation.

The determinative facts in this case are undisputed. William E. Fithian died in 1934 leaving a will and four codicils in which he conveyed a 941-acre farm and a business building in the city of Danville to the bank in trust. Pursuant to the terms of the will and codicils, the bank, as trustee, was to take charge of the property and operate it; pay all taxes, insurance, charges and repairs; pay out of the proceeds to W. C. Evans, during his life, $100 per month, and at his death, his burial expenses; pay the net income arising from the property to the treasurer of the

cemetery to be used by the cemetery for "the construction and repair and maintenance of a suitable enclosure; for the construction and maintenance of the roadways in the Cemetery and leading thereto; for planting of trees and flowers; for landscape gardening; for the erection and maintenance of buildings and structures; and said Cemetery Association will also, during the growing season, maintain flowers and plants in vases on the Dr. William Fithian and Fithian-Evans lots; and in short I desire that these funds shall be used to beautify and improve said Cemetery."

W. C. Evans died prior to testator, and after testator's demise the bank, as trustee, leased the farm and business property, collected rents, paid taxes, operating expenses, improvements and repairs out of the gross income. The net income was paid to the cemetery. None of the net proceeds of the Fithian Trust are used on the farm, city property or the cemetery caretaker's house.

The plaintiffs argue that the constitution authorizes an exemption; that the statute involved grants an exemption to "the property of the corporation" used "for burial purposes"; that property held in trust for the benefit of the cemetery is "the property of the cemetery corporation"; that the operation of a farm and business property the net proceeds of which are used and can only be used for burial purposes within the contemplation of the statute is therefore exempt from taxation. It is the contention of the defendant that the testator's direction in his will that the trustee pay the taxes is binding on the trustee; that the property in question is not exempt from the payment of taxes for the reasons that the land was not devised to the cemetery, the cemetery does not own it, and the grant to the cemetery is a bequest of money only.

The contention of defendant that testator's direction in his will that the trustee pay the taxes is binding on the trustee is without merit, as the trustee can only be under obligation to pay taxes legally assessed. Such direction does

not foreclose the trustee from challenging the legality of the tax.

In the case of *Spring Hill Cemetery* v. *Ryan*, 20 Ill.2d 608, the organizational and statutory background of the cemetery was traced and it is unnecessary to recite those facts in this case. In that case, it was decided that a tract of land used as a manager's residence and a tract of land leased to a radio and television station were not being used for burial purposes within the scope of the privilege contemplated by the legislature and said tracts were therefore not exempt from taxation. There we discussed thoroughly other cemetery cases involving the question of tax exemption and stated as a general principle that, in the absence of an authorizing statute, unless the land involved is used for burial purposes there is no manifestation by the legislature that either the land or the income therefrom should enjoy the exemption privilege.

It is the primary use of property, not its incidental uses, which determines the tax-exemption status. (*People ex rel. Kelly* v. *Avery Coonley School*, 12 Ill.2d 113.) Here, the primary use of one tract is farming and the primary use of the other tract is business. Neither of these uses is related to burial purposes. This case is similar to the prior *Ryan case* in that here we have tracts of land under farm and business leases and there we had a tract of land rented to a television station. The only distinction between the two cases is that title to the subject property in the former case was in the cemetery while title to the property here is in the bank as trustee. Whether the cemetery owns the property in fee or whether the fee is held by a trustee with the net income to be paid to the cemetery is unimportant in this case. Regardless of the fee title, the land involved is not used for burial purposes and our decision in *Spring Hill Cemetery* v. *Ryan*, 20 Ill.2d 608, is controlling.

The cemetery relies on *Locust Grove Cemetery Ass'n* v.

*Rose,* 16 Ill.2d 132, and *People* v. *Rosehill Cemetery Co.,* 371 Ill. 510, as authority for the proposition that the present uses are "for burial purposes." In *Locust Grove,* the Cemetery Act of 1903 applied but here plaintiff cemetery was organized under and is governed by the act of 1855 and the amendment of 1895. Both cases relied upon by the cemetery were distinguished in the prior *Spring Hill Cemetery case* and that distinction is here reiterated.

We are of the opinion that the circuit court of Vermilion County properly dissolved the temporary injunction restraining the defendant from collecting real-estate taxes on the subject properties. *Decree affirmed.*