SPRINGFIELD MARINE BANK, Trustee, Appellee, *vs.* THE PROPERTY TAX APPEAL BOARD FOR THE STATE OF ILLINOIS *et al.*, Appellants.

*Opinion filed January 21, 1970.—Rehearing denied March 23, 1970.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE, HERMAN TAVINS, and A. ZOLA GROVES, Assistants Attorney General, of counsel,) for appellants.

ALFRED H. GREENING, of Springfield, for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The decision of the Property Tax Appeal Board in this tax assessment case was reviewed by the circuit court of Sangamon County under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 120, par. 592.4), and comes directly here pursuant to the constitutional grant of jurisdic-

tion. (Const. of Ill., art. VI, § 5.) At issue is the circuit court's revaluation of real property, based upon its finding "That in determining the fair market value of land, it is proper to consider the effect on market value of an unfavorable lease."

The two parcels involved are held in trust by Springfield Marine Bank. In 1952 the bank's predecessor in title subjected the property to long-term leases which have remaining terms of approximately ten years. The value of the property has advanced significantly since the leases were negotiated, and the contractual rent is consequently substantially below that which could now be obtained under new leases. The assessor, the Sangamon County Board of Review, and the State Property Tax Appeal Board uniformly refused to reduce the assessed value of the land to reflect the effect of the unfavorable leases. The Appeal Board did, however, accept the conclusions of the appraiser who testified for the bank as to the value the land would have apart from the leases and reduced the assessed value accordingly; it, however, rejected the argument that a still lower value was required because the leases affected "fair cash value". The same appraiser's conclusions guided the circuit court, except that the court adopted the lower figures arrived at through consideration of the leases. We are therefore squarely faced with the question whether the assessed value was properly reduced to account for the unfavorable leases. It is our conclusion that the circuit court's reduction of the assessed valuation was erroneous, and its judgment must be reversed.

The plaintiff points out that in certain circumstances, where the owner of land is exempt from taxation, provisions exist whereby the value of a leasehold estate in land may be assessed against the nonexempt lessee. (Ill. Rev. Stat. 1967, ch. 120, pars. 500.6 and 507; see, *e.g.*, *People ex rel. Korzen* v. *American Airlines, Inc.*, 39 Ill.2d 11.) We long ago affirmed that this practice is valid and does not discrimi-

nate against the lessee so taxed (*City of Chicago* v. *University of Chicago,* 302 Ill. 455, 461) ; conversely, where a nonexempt property owner is involved, there is no requirement that the tax be shifted to the lessee to the extent of the leasehold estate's value. Where the owner is not exempt, the tax is on the value of the property, not the value of the owner's interest; and it falls upon the owner of title, even where the right to use of the land has been transferred in a 99-year lease. (*People ex rel. Harding* v. *City of Chicago,* 335 Ill. 450.) Thus, in the absence of any statutory basis, the plaintiff is clearly incorrect in asserting that the value of the leasehold estate in this case is separately assessable.

Plaintiff further contends that even if the leasehold is not separately assessable against the lessee, the value of the leasehold should nevertheless be deducted from the value of the property assessed against the owner-lessor. It is proposed that the lessee's "profit"—*i.e.,* the increment between the contractual rent and the rent which could be obtained upon a newly negotiated lease—should be deducted from the value of the property in determining its assessed value. As indicated by the appraiser testifying for plaintiff, this would yield a valuation of the property based upon capitalization of admittedly low rental income.

The Revenue Act provides that "Each tract or lot of real property shall be valued at its fair cash value, estimated at the price it would bring at a fair, voluntary sale." (Ill. Rev. Stat. 1967, ch. 120, par. 501(1).) We have consistently construed "fair cash value" to mean "what the property would bring at a voluntary sale where the owner is ready, willing and able to sell but not compelled to do so, and the buyer is ready, willing and able to buy but not forced so to do * * *." (*People ex rel. McGaughey* v. *Wilson,* 367 Ill. 494, 496; *People ex rel. Wangelin* v. *Gillespie,* 358 Ill. 40, 46.) It is clearly the value of the "tract or lot of real property" which is assessed, rather than the value of the interest presently held by the owner. In determining the

value of the property, rental income may of course be a relevant factor. (*People ex rel. Johnson* v. *Robison,* 406 Ill. 280.) However, it cannot be the controlling factor, particularly where it is admittedly misleading as to the fair cash value of the property involved. The relevance of rental income in this instance has been so diminished by the change in the property's value since the rents were established that it was properly disregarded. In such a situation, earning capacity is properly regarded as the most significant element in arriving at "fair cash value". As we have recognized in the past, many factors may prevent a property owner from realizing an income from property which accurately reflects its true earning capacity; but it is the capacity for earning income, rather than the income actually derived, which reflects "fair cash value" for taxation purposes. (*People ex rel. McDonough* v. *Chicago Union Line Works Co.,* 361 Ill. 304.) After an extensive examination of this issue, the New York Supreme Court reached an identical conclusion, stating, "the existence of an outstanding lease at an unrealistically low rental for a long term, not representing the fair rental value of the property, is not to be used as a basis for calculating actual value. Thus, the true value of the property for assessment purposes is to be ascertained as if unencumbered by such a lease." *People ex rel. Gale* v. *Tax Commission of City of New York* (Sup. Ct. 1962), 17 A.D. 2d 225, 233 N.Y.S. 2d 501, 507.

Since the evidence before the State Property Tax Appeal Board in this case amply justified the Board's assessment on this basis, we find that the circuit court was incorrect in concluding that the Board's determination was contrary to the manifest weight of the evidence. Therefore, we reverse the judgment of the Sangamon County circuit court and remand with directions to reinstate the assessment approved by the State Property Tax Appeal Board.

*Reversed and remanded, with directions.*