THE CITY OF CHICAGO, Plaintiff-Appellee and Cross-Appellant, v. THE DEPARTMENT OF REVENUE, Roger Sweet, Director, Defendant-Appellant and Cross-Appellee.

First District (2nd Division) No. 1—89—3060

Opinion filed February 19, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence E. Rosenthal, Ruth M. Moscovitch, and Frederick S. Rhine, Assistant Corporate Counsel, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff City of Chicago (the City) sought judicial review of two decisions by the Department of Revenue (the Department) which denied a real estate tax exemption to four contiguous parcels of land. The circuit court affirmed the Department's decision denying a tax exemption for the land, but overruled the portion of the decision denying a tax exemption for the two City-owned buildings on the land. The Department appeals the court's decision that the buildings were tax-exempt; the City cross-appeals the court's decision that the land was not tax-exempt.

The facts in this case are not in dispute. During the years 1987 and 1988, the property located at 500 North Peshitigo was subleased by the City from the Chicago Dock and Canal Company (Chicago Dock). The City owned the two buildings on the land, which were used solely for municipal purposes. A parking lot was adjacent to the

two buildings and was also used for municipal purposes. The underlying land, however, was owned by Chicago Dock-Equitable Venture, a joint venture of Chicago Dock and the Equitable Life Assurance Society of America.

Prior to its sublease with the City, Chicago Dock leased the property to Kraft, Inc., by a long-term lease commencing September 1, 1936, and continuing through April 29, 1986, with an option to extend the term of the lease to April 30, 2016. Under the lease, Kraft had the power to erect any buildings on the property, to remove such buildings, and to hold title to any structures it built on the leased property. Pursuant to this grant of authority, Kraft erected two buildings on the property. Thus, while title to the underlying land remained with Chicago Dock, Kraft held title to and retained ownership, occupancy, and control of the buildings. In addition, Kraft was required by the terms of the lease to pay all taxes on the land and the buildings.

On December 30, 1982, Kraft conveyed all rights, title, and interest in the buildings to the City by quitclaim deed. The City thus became a sublessee of Kraft's lease with Chicago Dock and, by ordinance, the City exercised its option to extend the sublease until April 29, 2016. Under the sublease, the City became liable for all of Kraft's financial obligations with respect to the property, including payment of taxes on the entire property.

After acquiring the buildings, the City applied for and was granted a tax exemption for the entire property. On December 17, 1987, however, the Department notified the City that the property would be placed on the tax rolls for 1988. On January 6, 1988, the City filed an application with the Department for a 1988 property tax exemption for the land and the buildings, asserting that the property was owned by a unit of local government, was not producing income, and thus was entitled to an exemption under section 19.6 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, pars. 500, 500.6). The Department denied the application on January 26, 1988, stating that the property was not in exempt ownership or in exempt use.

On March 21, 1988, pursuant to the City's request, a formal hearing was held before an administrative law judge. On April 7, 1988, the judge recommended that the land and the improvements thereon be denied tax-exempt status for the 1988 tax year. The decision was approved by the Director of the Department on that same day. On May 13, 1988, the City filed a complaint for administrative review with the circuit court of Cook County.

Before completion of proceedings related to the 1988 tax year, the Cook County assessor's office notified the City that the property would also be denied an exemption for the 1987 tax year. On March 18, 1988, the City filed a complaint with the Cook County Board of Tax Appeals (the Board). After a hearing, the Board recommended that the entire property remain tax-exempt. The Department, however, overruled the Board's recommendation, denying the exemption in a final decision on December 9, 1988. The City appealed this decision by filing a second complaint for administrative review on January 13, 1989.

On January 18, 1989, the circuit court consolidated the two administrative review cases and, on August 21, 1989, heard oral arguments. On October 13, 1989, the court affirmed the Department's denial of an exemption for the underlying land, but overruled the Department's denial of tax-exempt status for the value of the buildings owned by the City.

On November 9, 1989, the Department filed a notice of appeal, seeking to reverse the circuit court's decision relating to the tax-exempt status of the value of the buildings. On November 17, 1989, the City cross-appealed, seeking to reverse the circuit court's decision relating to the tax-exempt status of the land.

The City maintains that the court erred in ruling that the land in question is not exempt from real estate taxation. It argues that the land, although owned by a nonexempt entity, Chicago Dock, is used only for municipal purposes and thus is exempt. (Ill. Rev. Stat. 1987, ch. 120, par. 500.6.) Conversely, the Department maintains that the court's grant of a tax exemption for the buildings owned by the City was in error. It contends that, despite the City's ownership of the buildings, the court improperly severed the improvements upon the land from the land itself when ruling upon the real estate tax status.

 █ Initially, it must be noted that the legislature has the exclusive power to raise revenue by taxation and may exempt "the property of *** units of local government." (Ill. Const. 1970, art. IX, §§1, 6.) The legislature is thus not constitutionally required to exempt any property from taxation and may place restrictions upon the exemptions it does grant. (*North Shore Post No. 21 of the American Legion v. Korzen* (1967), 38 Ill. 2d 231, 230 N.E.2d 833.) Consequently, there is a presumption that no exemption is intended and the burden of proving the right to exemption is upon the party seeking it. (*Rotary International v. Paschen* (1958), 14 Ill. 2d 480, 153 N.E.2d 4; *Highland Park Hospital v. Department of Revenue* (1987), 155 Ill. App. 3d 272, 279, 507 N.E.2d 1331.) Furthermore, in determining whether

property is included within the scope of an exemption, all facts are to be resolved in favor of taxation. *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 331, 533 N.E.2d 1072; *Highland Park Hospital v. Department of Revenue*, 155 Ill. App. 3d at 279.

In the instant case, the City attempted to receive an exemption based upon section 19.6 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 500.6), which exempts from taxation "all public buildings belonging to any county, township, city or incorporated town, with the ground on which such buildings are erected." The City argues that because it owns the buildings, the land under those buildings must be exempt despite nonexempt ownership of the land. The circuit court refused to accept the City's interpretation of section 19.6, holding that the City's interpretation of this section would render it unconstitutional.

■■ Article IX, section 6, of the Illinois Constitution provides that the legislature "may exempt from taxation only the property of *** units of local government." Because the relevant constitutional provision permits exemption only of the property of the City and because the land upon which the City's buildings stand is not owned by the City, the court found that adoption of the City's analysis would place the statute in conflict with the constitutional provision. No property except that mentioned in section 6 of article IX of the Constitution may be exempted by any law passed by the legislature; nor can a statute be made broader than the provisions of the Constitution. See *Locust Grove Cemetery Association v. Rose* (1959), 16 Ill. 2d 132, 137, 156 N.E.2d 577.

Nevertheless, the City argues that because it owns the two buildings, section 19.6 qualifies for tax-free status both the buildings and the leased land upon which they are built. In support, the City maintains that the "common-sense" interpretation of the legislature's intent is that the land upon which City-owned buildings stand must also be granted an exemption, otherwise a ridiculous result will ensue: the City will have to raise taxes in order to pay taxes.

The City cites several cases for the proposition that public bodies are entitled to exemptions even though they do not own the property in fee simple. These cases, however, are not persuasive and are readily distinguishable. In *In re Application of County Collector* (1976), 44 Ill. App. 3d 327, 357 N.E.2d 1302, the court held that a common law dedication of land as a public park which operated as an easement of indeterminable duration qualified the land as property of the Village of South Holland thereby entitling the village to an exemption. In

*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540, the court held that the beneficiaries of land trusts, although not in possession of legal title to the land, were to be considered the owners of the land for tax assessment purposes. The court stated that the term "owner" has no fixed meaning applicable under all circumstances and may include one who has control or occupation of land, whether his interest is an absolute fee or a lesser estate. (*People v. Chicago Title & Trust Co.*, 75 Ill. 2d at 489.) Further, the court in *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 383 N.E.2d 958, held that a contract for warranty deed as a way of purchasing property, in lieu of a standard mortgage arrangement, would not disqualify a church for tax-exempt status.

Here, the City has only a lease agreement entitling it to the use of the land. Nowhere does the record reflect that the City has control of the land, nor does the City have an interest in the land which could be considered close to a fee simple interest. Rather, the City has a standard lease contract with a private, nonexempt party; further, this type of leasing arrangement has been held not to constitute ownership for purposes of tax exemption. *People ex rel. Harding v. City of Chicago* (1929), 335 Ill. 450, 167 N.E. 79; *People ex rel. Carr v. City of Chicago* (1926), 323 Ill. 68, 153 N.E. 725.

In *People ex rel. Carr v. City of Chicago*, the City leased land which was used for public playgrounds, police department buildings, a fire station, and a hospital. Although all of the land served municipal purposes, the court held that it was ownership, not use, which determined exemptions. Because the City leased the land from a nonexempt party, the land was not exempt. (*People ex rel. Carr v. City of Chicago*, 323 Ill. at 70-71.) Similarly, in *People ex rel. Harding v. City of Chicago*, the City subleased land from a nonexempt party. Notwithstanding that the land was used for municipal purposes and the sublease ran for 99 years, the land was not tax-exempt because the owner of the land was not entitled to an exemption. *People ex rel. Harding v. City of Chicago*, 335 Ill. at 454.

Although neither of these cases involves the same fact situation as the instant case, they do stand for the proposition that a lease, however long, does not constitute ownership for tax-exemption purposes. Despite the Fourth District's questioning of the holdings of these cases in *Cole Hospital, Inc. v. Champaign County Board of Revenue* (1983), 113 Ill. App. 3d 96, 99, 446 N.E.2d 562, based upon its interpretation of the subsequent supreme court opinions in *Chicago Title & Trust* and *Christian Action Ministry*, we find that both *Harding* and

*Carr* are persuasive in the instant case. Both *Chicago Title & Trust* and *Christian Action Ministry* dealt with situations that involved more than standard lease agreements; the instant case involves nothing more than a lease agreement between the City and Chicago Dock.

■ Here, the City clearly does not own the land. Moreover, the City has no other interest in the land aside from a standard lease agreement which was passed on to it from Kraft. The land in this case is owned by a private party and is used to make a profit. Simply because the City has contracted to assume the burden of paying taxes does not render property exempt which is not exempt by law. Because the exemption provided for municipalities turns solely on ownership of the property, privately owned land is not entitled to the exemption. (*Village of Oak Park v. Rosewell* (1983), 115 Ill. App. 3d 497, 501, 450 N.E.2d 981.) This court must construe the exemption provision strictly and cannot create an exemption by judicial interpretation. (*Oak Park v. Rosewell*, 115 Ill. App. 3d at 500.) Accordingly, the land underlying the buildings does not qualify for an exemption.

The Department argues that the circuit court erred in granting an exemption for the buildings owned by the City. It contends that the circuit court did not have the power to sever the land from the improvements thereon in determining the tax-exempt status. In response, the City maintains that the court properly exempted the buildings pursuant to section 19.6 of the Revenue Act of 1939. Ill. Rev. Stat. 1987, ch. 120, par. 500.6.

In holding that the buildings were tax-exempt, the circuit court stated that "the law is well established that property tax assessments can be apportioned to reflect and exclude those portions of the property which are entitled to tax exemption." Conceding that this proposition is correct where the land is divided into exempt and nonexempt portions according to the exempt or nonexempt use of such land (*Illinois Institute of Technology v. Skinner* (1971), 49 Ill. 2d 59, 64, 273 N.E.2d 371; *Highland Park Hospital v. Department of Revenue* (1987), 155 Ill. App. 3d 272, 507 N.E.2d 1331), the Department argues that it is not correct where the exemption status of the land depends upon the ownership of that land. (See *In re Tax Objections of Hutchens* (1976), 34 Ill. App. 3d 1039, 341 N.E.2d 169 (holding that a cabin should not have been assessed and taxed separately from the land upon which it stood; however, whether or not the cabin was exempt from taxation was not at issue).) Moreover, the Department argues that land and buildings should not be considered separately taxed components. See *Decatur Sports Foundation v. Department of Revenue* (1987), 156 Ill. App. 3d 623, 629, 509 N.E.2d 1103.

In *Decatur Sports Foundation,* the court held that a lessor who leased land to a charitable foundation should have been assessed tax liability for the land and also the improvements upon the land which included a stadium, bleachers, a press box, and other improvements made by the lessee. (*Decatur Sports Foundation v. Department of Revenue,* 156 Ill. App. 3d 623.) In so holding, the court stated that "the statutory scheme of assessment and enforcement of taxes was not seen to embrace the concept of land and buildings as separately taxed components." *Decatur Sports Foundation v. Department of Revenue,* 156 Ill. App. 3d at 629.

Notwithstanding defendant's assertion that land and buildings must not be taxed separately, several cases have held that portions of property which meet the test for exemption are entitled to a proportionate exemption. *Illinois Institute of Technology v. Skinner* (1971), 49 Ill. 2d 59, 64, 273 N.E.2d 371; *People ex rel. Kelly v. Avery Coonley School* (1957), 12 Ill. 2d 113, 117, 145 N.E.2d 80; *Highland Park Hospital v. Department of Revenue* (1987), 155 Ill. App. 3d 272, 507 N.E.2d 1331.

The court in *Skinner* held that " '[w]here a tract is used for two purposes, there is nothing novel in exempting the part used for an exempt purpose and subjecting the remainder to taxation.' " (*Illinois Institute of Technology v. Skinner,* 49 Ill. 2d at 64, quoting *People ex rel. Kelly v. Avery Coonley School* (1957), 12 Ill. 2d 113, 117, 145 N.E.2d 80.) The court further stated:

> "Plaintiff next maintains that the tract and buildings are one unit, and that there is no basis for granting only partial exemption. Abundant authority refutes this contention as well." *Illinois Institute of Technology v. Skinner,* 49 Ill. 2d at 64.

■ None of these cases address the precise issue in the instant case. Rather, the cases ascertain whether portions of land or buildings are used for charitable purposes and thus exempt from taxes. Although we can find no cases which are precisely on point, we follow the Illinois Supreme Court rationale in *Skinner* and find that the buildings, which are owned by the City and used for municipal purposes, are tax-exempt.

■ In the instant case, two parties, one of whom is a municipality and the other a private party, own separate and distinct portions of property. Simply because one portion of the property happens to be land and the other buildings should not defeat the intent of the legislature, which has provided an exemption for property owned by a city, especially where the exemption is consistent with the Constitution's allowance for exemptions for the property of a municipality. (Ill.

Const. 1970, art. IX, §6; Ill. Rev. Stat. 1987, ch. 120, par. 500.6.) Consequently, the circuit court did not err in holding that the buildings were exempt.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.