No. 2--95--1534

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE DU PAGE COUNTY BOARD OF          )  Appeal from the Circuit Court

REVIEW,                              )  of Du Page County.

                                )

     Plaintiff-Appellant,            )

                                     )  No. 94--TX--07

v.                                   )

                                     )

THE PROPERTY TAX APPEAL BOARD,       )  

DENNIS SKOGSBERGH, KAREN             )  

SKOGSBERGH, THE MILTON TOWNSHIP )  

ASSESSOR, and L.H. LABUS,       )  Honorable

                                )  John W. Darrah,

     Defendants-Appellees.           )  Judge, Presiding.

________________________________________________________________

     JUSTICE THOMAS delivered the opinion of the court:

     Plaintiff, the Du Page County Board of Review (the Board),

appeals the judgment of the circuit court which affirmed on

administrative review the decision of defendant, the Property Tax

Appeal Board (PTAB), lowering the assessment of property owned by

defendants Dennis and Karen Skogsbergh.  The Board contends that

(1) as a matter of law the property owners failed to present clear

and convincing evidence that their property was not assessed

uniformly with other parcels where their evidence consisted solely

of four adjusted comparables; and (2) the decision of the PTAB

lowering the assessment is against the manifest weight of the

evidence.

     The Skogsberghs own a single-family residence in Glen Ellyn,

in Milton Township.  The house is a tri-level constructed primarily

of brick.  The Skogsberghs purchased the house in March 1990 for

$405,000.  The Board established a final assessment for the

property of $127,960, reflecting a fair market value of $385,073.

     The Skogsberghs appealed to the PTAB, claiming that the

assessment was excessive compared to those of similar properties. 

Tax consultant Lawrence Labus was the Skogsberghs' witness before

the PTAB.  As part of his testimony, he discussed the assessments

of four comparable properties.  All four were similar homes located

in the same subdivision as the Skogsberghs' house.

     According to Labus, the Milton Township assessor had placed

the following per-square-foot assessed values on the comparable

properties:  $23.81, $24.15, $22.43, and $23.99.  Labus

acknowledged that the Skogsberghs' home had more amenities than the

others.  His spreadsheet shows that, among other things, the

property at issue had more plumbing fixtures, a larger garage, and

a larger patio than some or all of the comparables.  Therefore, he

made cost adjustments to the comparables which raised their

respective values to $24.91, $24.50, $23.37, and $24.72 per square

foot.

     Labus testified that he neglected to take into account the

differences in basement size between the subject property and the

comparables.  Upon doing so at the hearing, he concluded that the

Skogsberghs' house should be assessed at $24.42 per square foot,

resulting in a total improvement assessment for 1991 of $92,724.

     Labus did not make any cost adjustment for the fact that the

Skogsberghs' home is primarily brick while the comparable houses

are primarily frame.  He stated that he did not do so because

increases in lumber prices had made frame construction nearly as

expensive as brick construction.   

     Labus also believed that the land assessment of the subject

property was too high relative to the comparables.  The area of the

subject parcel was 13,200 square feet.  It was assessed at $26,090,

or $1.977 per square foot.  The comparable parcels ranged in size

from 11,700 to 19,740 square feet and had assessments ranging from

$21,490 to $25,020, or from $1.267 to $1.899 per square foot.

     The Board of Review presented a grid analysis comparing the

Skogsberghs' property to the comparables.  The Board also

introduced the comparables' property cards.  In addition, the Board

placed into evidence a fifth comparable, another property from the

same subdivision that had an improvement assessment of $25.68 per

square foot.

     The Board's witnesses pointed out that there will be

differences among the properties within a subdivision in terms of

construction and amenities.  The subject property is primarily

brick while the comparables are predominantly frame.  In addition,

the subject property has an 812-square-foot garage while the

garages of the five comparables range from 506 to 669 square feet. 

The subject has 3½ bathrooms while the other properties have either

2 or 2½ bathrooms.  Finally, the subject property has a full

basement, while the comparables have only half or three-quarter

basements.

     Board member Lawrence Kearney explained that the assessor

attempts to establish median levels of assessed values based on the

assessor's experience in the real estate market.  As an aid to

maintaining median levels of assessments, the assessor rates each

property on the record cards under the category "Building Class." 

The subject property has a 1.9 rating, while Labus' comparables are

rated 1.7 and the assessor's comparable is rated 1.7+.  The higher

a property's rating, the higher its value.

     Land assessments are established on a per-front-foot basis

with an adjustment for a depth factor, Kearney explained.  The base

value for each parcel in the subdivision was $135 per front foot.

     The Board argued that the comparables established the fairness

of the subject property's assessment.  This opinion was based on

the fact that the subject property and the comparables were treated

as uniformly as possible, the fairness and equity of the assessment

were established, and the property owners did not prove their

contention of lack of uniformity by clear and convincing evidence.

     The PTAB found that a reduction in the land assessment was not

warranted since all the parcels were assessed uniformly at $135 per

front foot with an adjustment for depth.  However, the PTAB reduced

the improvement assessment from $101,870 to $84,650, thus reducing

the total assessment from $127,960 to $110,740.

     The Board filed a complaint for administrative review in the

circuit court of Du Page County.  The court held that the PTAB's

decision was neither contrary to law nor against the manifest

weight of the evidence.  The Board filed a timely notice of appeal.

     On appeal, the Board first contends that the PTAB's decision

was legally erroneous.  The Board argues that a lack of uniformity

in assessment must be proved by clear and convincing evidence and

that, as a matter of law, four comparables taken from the same

subdivision as the subject property cannot constitute clear and

convincing evidence.

     The Illinois Constitution requires uniformity of taxation. 

Ill. Const. 1970, art. IX, §4(a).  The principle of uniformity

requires equality in the burden of taxation.  Kankakee County Board

of Review v. Property Tax Appeal Board, 131 Ill. 2d 1, 20 (1989). 

This requires equality of taxation in proportion to the value of

the property taxed.  Apex Motor Fuel Co. v. Barrett, 20 Ill. 2d

395, 401 (1960).  It prohibits taxing officials from valuing one

kind of property within a taxing district at a certain proportion

of its true value while valuing the same kind of property in the

same district at a substantially lesser or greater proportion of

its true value.  Kankakee County Board of Review, 131 Ill. 2d at

20.  The taxpayer who objects to an assessment on the basis of lack

of uniformity bears the burden of proving the disparity of the

assessments by clear and convincing evidence.  Kankakee County

Board of Review, 131 Ill. 2d at 22.

     Under the Administrative Review Law, judicial review of agency

decisions extends to all questions of law and fact presented by the

record.  735 ILCS 5/3--110 (West 1994).  An agency's factual

findings are deemed prima facie true and correct and should not be

disturbed on review unless they are against the manifest weight of

the evidence.  Lake County Board of Review v. Property Tax Appeal

Board, 192 Ill. App. 3d 605, 613 (1989).  However, an agency's

conclusions on questions of law are not binding on the courts. 

Consequently, review of legal issues is de novo.  Illini Country

Club v. State Property Tax Appeal Board, 263 Ill. App. 3d 410, 416-

17 (1994).

     The Board contends that we should review the PTAB's decision

de novo.  According to the Board, since the essential facts were

undisputed, the PTAB and the trial court were faced with only a

question of law:  whether the four adjusted comparables constituted

clear and convincing evidence that the subject property was not

uniformly assessed.

     In Kankakee County Board of Review, the supreme court noted

that the uniform assessment requirement mandates that property not

be assessed at a substantially greater proportion of its value when

compared to similar properties located within the taxing district. 

Kankakee County Board of Review, 131 Ill. 2d at 21.  The Board

argues that the relevant "taxing district" is Milton Township,

which contains approximately 37,000 tax parcels.  According to the

Board, the use of four comparables, all located in the same

subdivision as the subject property, cannot, as a matter of law,

provide clear and convincing evidence that the subject parcel is

not uniformly assessed within the township as a whole.  We

disagree.

     Initially, we reject the Board's underlying contention that

the PTAB committed an error of law by relying on Labus' four

comparables.  The Appellate Court, Fourth District, recently

rejected a similar contention in Illini Country Club.  There, the

taxpayers had to prove by clear and convincing evidence that the

assessments of their golf courses were excessive.  In attempting to

do so, the taxpayers presented the testimony of an appraiser who

identified sales of 10 and 15 comparable properties, respectively. 

The plaintiffs contended that the case involved a determination of

whether an improper method of valuation was used, a question of

law.  Illini Country Club, 263 Ill. App. 3d at 417.  The court

rejected this argument, stating:

     "Even though when facts are undisputed a question of law is

     created and the agency's findings are not binding on the

     courts [citation], in the case at bar, there is dispute over

     the fair cash value of the subject properties.  The [PTAB] had

     to assess the credibility of the witnesses and resolve the

     conflicts in the evidence.  Therefore, a question of fact

     based on the difference of opinion of the fair cash value is

     the issue here."  Illini Country Club, 263 Ill. App. 3d at

     417.

     Similarly, here, the only issue is whether the PTAB placed the

proper valuation on the property.  The question whether the four

comparable sales did or did not establish that the subject property

was not uniformly assessed was a factual issue for the PTAB to

resolve.  Although the facts were undisputed in the sense that the

parties agreed about the physical dimensions and characteristics of

the subject property and the comparables, both parties presented

expert testimony to the effect that the comparables supported their

respective valuations.  This required the PTAB to assess the

credibility of the witnesses and the weight of the evidence.  For

example, Keating testified that the fact that the Skogsberghs' home

was constructed primarily of brick while the comparable properties

were largely frame was a significant factor in valuing the

property.  On the other hand, the Skogsberghs' expert, Labus,

testified that he did not adjust for this factor because increases

in the price of lumber had rendered frame construction nearly as

expensive as brick.  The PTAB's decision turned largely on the

resolution of these types of factual questions.

     Moreover, we note that the Board fails to cite any authority

for its related contentions that four comparables are simply too

few to establish a lack of uniformity and that the comparables must

be drawn from throughout the township rather than from the

immediate vicinity of the subject property.  The PTAB responds that

by the Board's logic, since the township contains 37,000 parcels,

at least 19,000 comparables would be required to establish a lack

of uniformity by a preponderance of the evidence.  Moreover, since

clear and convincing evidence is required, the Board's argument 

would require at least 25,000 parcels to be compared before a lack

of uniformity could be established.

     In its reply brief, the Board characterizes the PTAB's

argument as "preposterous and unfair."  However, the Board never

indicates how many comparables would be sufficient, simply falling

back on its assertion that four are definitely too few.

     This court has held that property selected for comparison must

in fact be similar in kind and character and must be similarly

situated to the property to be valued.  Du Page Bank & Trust Co. v.

Property Tax Appeal Board, 151 Ill. App. 3d 624, 630 (1986).  The

PTAB's rules provide:

     "Proof of unequal treatment in the assessment process should

     consist of documentation of the assessments for the assessment

     year in question of the subject property and of the suggested

     comparable properties, and documentation of the similarity,

     proximity and lack of distinguishing characteristics of the

     assessment comparables to the subject property."  86 Ill. Adm.

     Code §1910.65(b) (1991).

     Under the PTAB's rules, and as a matter of common sense, one

of the factors which makes a given parcel comparable is its

proximity to the subject parcel.  The Board fails to explain how,

if the subject parcel was not assessed uniformly compared to

properties within its immediate neighborhood, evidence of the

assessment of parcels in remote areas of the township would alter

this conclusion.  Those parcels would almost necessarily be less

similar than the comparables already in evidence.  In any event, if

the Board believed that evidence regarding other parcels would show

that the Skogsberghs' parcel was assessed uniformly compared with

the township as a whole, it could have presented this evidence at

the PTAB hearing.  Instead, the Board presented only one additional

comparable--also in the same subdivision as the Skogsberghs'

property--and argued that these five comparables established that

the subject parcel was uniformly assessed.

     For similar reasons, the Board cannot establish that four

comparable properties is an insufficient basis of comparison.  As

noted, the Board presented only one additional comparable and

argued that those five supported the original assessment. 

Generally, questions of the weight and sufficiency of the evidence

are for the trier of fact.  "If there is any evidence which fairly

supports the agency's findings, the decision must be sustained on

review."  Illini Country Club, 263 Ill. App. 3d at 417.

     In Kankakee County Board of Review, the supreme court held

that the taxpayer, Riverwoods, failed to sustain its burden to show

that its property was not uniformly assessed.  There, the taxpayer

presented evidence of only two comparable properties.  Although the

court rejected the taxpayer's contention, it did not do so because

the number of allegedly comparable assessments was insufficient. 

Rather, the court held that "[t]here is no evidence in the record

to suggest that the two subsidized projects are comparable to

Riverwoods' property."  Kankakee County Board of Review, 131 Ill.

2d at 22.  The clear implication of this holding is that the

critical consideration is not the number of allegedly similar

properties, but whether they are in fact "comparable" to the

subject property.

     Here, Labus' comparables, as well as the assessor's

comparable, were all similar styles of homes with similar amenities

located in the same subdivision as the Skogsberghs' home.  Labus

further adjusted the comparables' assessments to reflect

differences in amenities.  Additional evidence regarding properties

outside the immediate vicinity would have been less relevant, not

more, to the question whether the Skogsberghs' property was

uniformly assessed.  Thus, the PTAB's decision was not erroneous as

a matter of law.

     The Board further contends, however, that the PTAB's decision

is against the manifest weight of the evidence.  The Board

maintains that the PTAB's valuation translates to a rate of $22.30

per square foot, which is lower than any of the allegedly

comparable assessments and lower than the amount that Labus

requested.

     To reiterate, an agency's findings of fact are prima facie

true and correct and should not be disturbed on review unless they

are against the manifest weight of the evidence.  Lake County Board

of Review v. Property Tax Appeal Board, 192 Ill. App. 3d 605, 613

(1989).  A mere difference of opinion as to value will not be

sufficient to warrant judicial interference in the assessment

process.  Kankakee County Board of Review, 131 Ill. 2d at 14.

     The PTAB concedes that on a square-foot basis its valuation is

lower than that of any of the comparables.  However, it points out

that its overall assessment, $110,740, is within the upper range of

the comparables, which ranged from $91,750 to $114,480.

     We agree with the PTAB that, while square footage is one

factor in determining value, it is not the only one.  The

cornerstone of uniform assessment is the fair cash value of the

property in question.  Kankakee County Board of Review, 131 Ill. 2d

at 10.  The definition of fair cash value is the price at which

ready, willing, and able buyers and sellers would agree. 

Springfield Marine Bank v. Property Tax Appeal Board, 44 Ill. 2d

428, 430 (1970).  We note that, as a practical matter, few sales of

improved real property are conducted on a per-square-foot basis. 

The overall value of a home may be affected by many factors other

than its physical size.  For this reason, a one-square-foot

increase in the size of the home will not necessarily be reflected

in a proportional increase in its value.  Because the PTAB's

overall assessment of the subject property was within the range

established by the comparables, it was not against the manifest

weight of the evidence, and the circuit court's judgment affirming

that decision was proper.

     The judgment of the circuit court is affirmed.

     Affirmed.

     GEIGER and HUTCHINSON, JJ., concur.